THOMAS M. CAMPBELL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon March 29, 1884.* .

1.  CRIMINAL LAW—*local jurisdiction of offences—exception to the rule.*
Under the constitution and laws of this State, as at common law, the local
jurisdiction of all offences is in the county where the offence is committed.
The crime of larceny is made an exception, and the offender may be tried in
any county to which he carries the stolen property, or where it may be found,
as well as in the county in which the property was first taken. This rule has
no application, however, to any crime other than larceny. The offence of
receiving stolen property, or aiding in its concealment, knowing it to have
been stolen, is not embraced in section 393 of the Criminal Code, and the
person must be tried in the county where the offence was committed.

2.  SAME—*former acquittal—whether a bar to a second prosecution—
jurisdiction essential—former acquittal in another county.* The trial and
acquittal, in one county, of one charged with receiving stolen goods, know-
ing them to have been stolen, is no bar to an indictment for the same offence
in a different county, unless it shall appear that the offence was committed
in the county in which the acquittal was had, so as to give the circuit court
of that county jurisdiction. An acquittal of a crime by a court having no
jurisdiction is no bar to a prosecution for the same offence in a court having
jurisdiction.

3.  The general rule at common law is, that an acquittal in one county can
only be pleaded in the same county, for the reason that all indictments are
local; and if the first is laid in the wrong county, the defendant can not be
found guilty, and could not have been in legal jeopardy. To this rule there
are a few exceptions, as, in larceny, and in case of a change of venue, as in
this State.

4.  SAME—*former acquittal, to be a bar, must have been in respect to
the same identical offence—and the plea must so show.* To make a plea of
a former acquittal or conviction a bar to a second indictment, proof of the
facts alleged in the second must be sufficient in law to have warranted a con-
viction upon the first indictment of the same offence charged in the second
one, and not of a different offence; and the plea must show that the offence
charged in both cases is the same in law and in fact, and the question must
be determined by the facts appearing from the record, without the aid of
extrinsic circumstances.

5.  SAME—*of a plea of former acquittal—its requisites.* A plea of an
acquittal of the same offence in a different county is defective, in substance,

if it fails to show that the court of such other county had in some legal way acquired jurisdiction of the subject matter, and how such jurisdiction was acquired, as, by a change of venue, or, in case of larceny, by the defendant having taken the stolen property into such county.

6. SAME—*a plea must answer all it professes.* A special plea (as, a former acquittal,) to an indictment containing several counts, if it fails to answer any one count, is bad on demurrer.

7. SAME—*concealing stolen property.* A party knowing property to have been stolen, has no right to conceal the same, even with the intention to save himself from loss; and a clause in an instruction, on the part of the defendant, announcing a different rule, will vitiate the entire instruction.   ●

8. SAME—*general verdict on several counts.* On an indictment for receiving stolen property, and also for aiding in its concealment, charged in two separate counts, both of which relate to but one and the same transaction, the punishment for each offence, even if distinct ones, being the same, a general verdict of guilty is good, and will sustain a judgment inflicting a single punishment.

9. PRACTICE—*improper remarks of State's attorney—waiver by failing to object.* A party on trial upon a criminal charge will not be permitted to remain quiet without calling the attention of the court to it, and permit the State's attorney to indulge in improper language, and afterward assign the same for error. He must object at the outset, or his objection will be deemed to have been waived. But the fact defendant's counsel may have traveled outside of the record, and made statements not warranted by the evidence, affords no justification for the State's attorney to do the same thing.

10. INSTRUCTION—*giving undue prominence to particular facts, and giving improper construction to a letter.* On the trial of one for receiving, and also for aiding in concealing, stolen property, an instruction directing the attention of the jury to a particular part of the evidence, and giving it undue importance, and which also gives a construction to a letter of the defendant not warranted by any correct reading, is properly refused.

11. SAME—*should be applicable to the case.* Although an instruction contains a correct principle of law, yet if it has not the slightest application to the facts of the case, its refusal is proper.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Messrs. ALBRIGHT & HARBEN, and Mr. R. M. DAVIS, for the plaintiff in error:

The court erred in sustaining the demurrer to the plea of *autre fois acquit.* The demurrer admits the offences in the

two indictments were identical.    Section 399 of the Criminal
Code, gives jurisdiction in any county in the State through
which stolen property may be taken.    Having been tried in
the county where property is stolen, the defendant can not be
tried in any other county.    1 Bishop on Crim. Law, 981, 982.

One convicted of a particular offence contained in another,
or which includes another, can not be again tried for such
other offence.    *State* v. *Chaffin,* 2 Swan, (Tenn.) 493; 1 Bishop
on Crim. Law, sec. 1058; *State* v. *Johnson,* 12 Ala. 849; *Drake*
v. *State,* 60 id. 42.

The State can not split up one crime and prosecute it in
parts.    A prosecution for a single part of a crime bars any
further prosecution upon the whole or any part of the same
crime.    *State* v. *Cooper,* 1 Gr. (N. J.) 361; *Regina* v. *Elling-
ton,* 9 Cox, C. C. 86; *State* v. *Damon,* 2 Tyler, 387; *Jackson*
v. *State,* 14 Ind. 327; 1 Bishop on Crim. Law, sec. 1060;
*Roberts* v. *State,* 14 Ga. 8; *State* v. *Lewis,* 2 Hawks, (N. C.)
98; *Foster* v. *State,* 39 Ala. 229; *Harrison* v. *State,* 36 id.
248; *State* v. *Spear,* 6 Mo. 644.

As to the improper remarks made by the State's attorney
in his closing speech, highly calculated to prejudice the
jury from consideration of matters not in evidence, counsel
referred to the following cases:    *Wilson* v. *People,* 94 Ill. 299;
*Bulliner* v. *People,* 95 id. 394; *Earll* v. *People,* 99 id. 123.

The two offences charged are inconsistent, and a general
verdict of guilty, including both counts, is erroneous.    *Tobin*
v. *People,* 104 Ill. 565.

Mr. JAMES McCARTNEY, Attorney General, and Mr. WILLIAM
SCHWARTZ, State's attorney, for the People:

The local jurisdiction of all offences not otherwise provided
by law, shall be in the county where the offence was commit-
ted.    Underwood's Stat. p. 477, chap. 38, sec. 395.

In section 399 of the same statute, in case of larceny,
jurisdiction is conferred on the court in any county into

which the property is taken, or through which it passed. But this case is not for larceny.

The two offences can not be the same, and saying so does not make it so, where the facts set out in the record contradict it. *Perkins* v. *State*, 9 Texas, 272.

The two offences must be the same both in law and in fact. *State* v. *Nash*, 86 N. C. 650; *Rex* v. *Tyler*, 3 B. & C. 502; *Freeland* v. *People*, 16 Ill. 381; 1 Chitty on Crim. Law, 452; 3 Greenleaf on Evidence, sec. 36; *State* v. *Standifer*, 5 Ala. 523.

As Campbell could not have been convicted on this charge in Perry county, he could not have been in jeopardy on this indictment. 4 Blackstone's Com. 336, and notes; *Rex* v. *Taylor*, Dowling & Ryland's N. P. cases, 422; *Rex* v. *Vandercourt*, 2 East's P. C. 519.

In a case of larceny the plea would be good. *Meyers* v. *People*, 26 Ill. 176; *Stinson* v. *People*, 43 id. 397.

As to the jurisdiction of the offence, and the sufficiency of the plea, see Wharton on Conflict of Laws, 927, 931; Wharton on Crim. Law, sec. 288; Wharton on Crim. Pl. and Pr. secs. 442, 473, 475; *Moore* v. *Illinois*, 14 How. 13; *State* v. *Rankin*, 4 Coldw. 145; *Phillips* v. *People*, 55 Ill. 430; *Marshall* v. *State*, 6 Neb. 121; *State* v. *Adams*, 14 Ala. 486; *United States* v. *Amy*, 14 Md. 152; *State* v. *Inness*, 53 Maine, 536; *Commonwealth* v. *McCauley*, 105 Mass. 69.

If one count is good it will sustain a general verdict. *Curtis* v. *People*, Breese, 197; *Townsend* v. *People*, 3 Scam. 329; *Holliday* v. *People*, 4 Gilm. 113; Wharton on Crim. Pl. and Pr. sec. 291.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The indictment presented by the grand jury in the circuit court of Jackson county, at the December term, 1882, against Thomas Campbell, contains two counts. The first one charges defendant with receiving stolen goods, knowing the same to

have been stolen, and the second charges him with unlawfully and feloniously aiding in concealing stolen property, knowing the same to have been stolen. On being arraigned at the March term of the court, 1883, defendant entered a motion to quash the indictment, which motion being overruled by the court, he entered a plea of not guilty, on which a trial was had, but the jury failing to agree, they were discharged, and the cause continued. At the August term of court, 1883, defendant seems to have filed a special plea, in which it is averred, in substance, he was indicted in the county of Perry, at the October term, 1882, of the circuit court of that county, with one Robert C. Milburn, for the identical same offence, and that on the trial in the circuit court of that county he was acquitted. To the plea setting forth, with the usual formality, the proceedings had against defendant in the circuit court of Perry county, and his acquittal of the offence charged against him in the indictment, by the verdict of a jury, and the judgment of the court thereon, the State's attorney prosecuting filed a demurrer, which was by the court sustained. On the trial at that term of the court, on the plea of not guilty, filed at a former term, defendant was found guilty by the jury, and the term of punishment fixed at a period of three years in the penitentiary. Motions for a new trial and in arrest of judgment were severally overruled, and the court pronounced judgment on the verdict.

The points made upon which defendant most confidently relies for a reversal of the judgment against him are, the court erred, first, in sustaining the demurrer to the plea of *autre fois acquit;* second, in refusing certain instructions asked by defendant; and third, in permitting the State's attorney, in his closing argument to the jury on behalf of the People, to make remarks concerning defendant not warranted by the evidence, and which were calculated to prejudice his defence.

The principal question in the case arises on the decision of the court sustaining the demurrer to the plea of *autre fois*

*acquit.* The plea contains a copy of the indictment found against defendant in the county of Perry, and it is seen it is an exact copy of the one found against defendant by the grand jury of the county of Jackson, and under which he was convicted, except the venue is laid in the county of Perry. The indictments in both counties contain two counts,—one for receiving stolen property, knowing it to have been stolen, and one for aiding in concealing stolen property,—and were found under section 239 of the Criminal Code. (Rev. Stat. 1874.) It is hardly necessary to state a principle so elementary, that if the circuit court of Perry county had no jurisdiction to try defendant for the crime with which he is charged in Jackson county, its judgment would be no bar to the present prosecution. Under the constitution and laws of this State, as at common law, the local jurisdiction of all offences is in the county where the offence is committed. (See art. 2, sec. 9, Const. 1870, and sec. 395 of the Crim. Code, Rev. Stat. 1874.) The statute, it will be seen, follows closely the constitution, and declares, "the local jurisdiction of all offences not otherwise provided by law shall be in the county where the offence was committed." Among the provisions for jurisdiction of the same offence in more than one county, is where, as in section 399 of the Criminal Code, which provides, concerning jurisdiction in larceny, that "where property is stolen in another State or country, and brought into this State, or is stolen in one county of this State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed, or where the same may be found." This latter statute is simply declaratory of the common law on the same subject. Larceny, under the laws of this State, "is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another." The common law,—which contained the same definition of larceny,—seems to have regarded the felony as having been committed where the goods were feloniously stolen, but for

the purposes of jurisdiction the offence was treated as having been committed within any jurisdiction into which the property was afterwards carried. The rule on this subject proceeds on the legal assumption that where the property has been feloniously taken, every act of removal may be regarded as a new taking and asportation. (3 Gray, 434.) That is the meaning of the statute of this State concerning jurisdiction in larceny cases. It has no application, however, to any crime other than larceny. The offence or offences with which defendant stands charged are not embraced within the terms of the statute.

The plea of *autre fois acquit* is grounded on that principle of the common law, and which has been incorporated in the constitution of this State, no person shall "be twice put in jeopardy for the same offence." A former acquittal may always be pleaded to a second indictment for the same offence, which implies that the court that pronounced the judgment of acquittal had jurisdiction of the cause. The principle is of course familiar, but there is often some difficulty met with in its application. Generally the rule is, as at common law, an acquittal in one county can only be pleaded in the same county, and the reason assigned is, because all indictments are local, and therefore if the first were laid in a wrong county the defendant could not be found guilty upon it, and consequently was in no danger, and therefore could not plead an acquittal upon it in bar of a subsequent indictment for the offence in the proper county. (*Vaux's case*, Pt. 4, Co. 45 d, Com. Dig. Indict. L.; 1 Wharton on Crim. Law, p. 555, ed. of 1874; *Marshall* v. *The State*, 19 Ohio St. 363.) But at common law there were exceptions to this general rule, and one of the exceptions most frequently noted is in cases of larceny where the jurisdiction might be where the felony was in fact committed, or in that jurisdiction into which the property might be carried, and that exception, as well as some others, exists under the laws

of this State. Among the other exceptions, under our laws, is where the venue is changed, under the statute, from one county to another.

It is said by text writers, the Crown may either traverse or demur to the plea of *autre fois acquit.* The same practice would no doubt prevail under our system of jurisprudence. In this case the question as to the sufficiency of the plea to bar the prosecution arises on a demurrer to it, interposed by the People. The rule laid down by Blackstone as to pleas of this character has been adopted by this court in *Freeland* v. *The People*, 16 Ill. 380, and is, with reference to former acquittal or conviction, it "must be upon a prosecution for the same identical act and crime." All the authorities hold, that to entitle a defendant to the benefit of this plea it is necessary the crimes charged in the first and second indictments should be the same, and that if the crimes charged in the first and second indictments are so distinct that the evidence of the one will not support the other, a conviction or acquittal of the one will not bar a prosecution of the other,—or, adopting the language of this court in *Freeland* v. *The People*, the rule may be stated to be, that to make the plea a bar, proof of the facts alleged in the second indictment must be sufficient in law to have warranted a conviction upon the first indictment of the same offence charged in the second, and not of a different offence. The general rule adopted for ascertaining the identity of the offences is as stated by Archbold in his work on Criminal Pleading, 106, where it is said: "The true test by which the question whether the plea is a bar in any particular case, may be tried, is, whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction on the first." Substantially the rule has been stated in the same way by Chitty in his work on Criminal Law, and as stated by both authors it has been adopted by this court. Applying these well understood principles to the plea being considered, the case ought not to present any

great difficulty.   Would proof of the facts alleged in the in-
dictment in Jackson county have warranted a legal convic-
tion on the indictment in Perry county?   That is one of the
tests, it is said, must be applied, and it is obvious the ques-
tion admits of only a negative answer.   Certainly the offence
of receiving stolen property in Perry county, knowing it to
have been stolen, is not the same offence as receiving stolen
property in Jackson county with a like guilty knowledge.   As
a matter of law they are distinct offences,—as much so as a
murder committed in one county is a distinct crime from a
murder committed in another county.   Proof of a murder
committed in one county would not sustain a prior indict-
ment for the same murder in another county; nor could the
first acquittal be pleaded in bar of a second indictment found
in the county where the crime was in fact perpetrated, and
the reason is, because in the judgment of the law the accused
was not in jeopardy on the first indictment.   The principle
is, as at common law, if the offence charged in the second
indictment is in one king's reign, and the first indictment
was confined by the *contra pacem* to the preceding reign, an
acquittal upon the first could not be pleaded in bar to the
second.   The ground upon which that principle is said to
rest is, the *contra pacem* tied up the prosecution to proof of
an offence in a particular reign.   By our system of pleading,
the venue, as laid in the indictment, confines the prosecution
to proof of an offence committed in a particular county, as
effectually as the proof was limited by the *contra pacem regis*
at common law to an offence committed in the reign of a
particular king.

It is the settled law that an acquittal on one indictment,
in order to be a good defence to a subsequent indictment, must
be an acquittal of the same identical offence as that charged
in the second indictment.   That fact must in some way
appear from the plea itself, and that the offences charged in
both cases were the same in law and in fact.   (*Commonwealth*

v. *Roby,* 12 Pick. 496.) The question must be determined by the facts appearing from the record, without the aid of extrinsic circumstances. All questions arising on demurrer to pleadings must, of course, be determined without reference to any evidence that may thereafter be given on the trial of the cause. It is not always enough the two indictments may appear to be in precisely the same words. That may well be, and yet the offences distinct felonies, as, for instance, where there are two indictments for rape, it might be the same person committed a rape upon two women of precisely the same name, and an acquittal on one indictment would not bar a prosecution on another, unless it was made to appear in some way it was identically the same offence. But the best, and perhaps the most accurate, test given in the books is, as before stated, would the evidence necessary to sustain the facts alleged in the second indictment have been sufficient to sustain a legal conviction on the first indictment. In the case being considered it is so plain it need not be elaborated further, that proof defendant had received stolen property in Jackson county, knowing it to have been stolen, would not have sustained an indictment for the identical same offence in Perry county. The plea might have shown, had that been the fact, that the Perry county circuit court got jurisdiction by change of venue to try defendant on a proper indictment for receiving stolen goods in Jackson county, and such a plea would have been a bar to a prosecution on a second indictment in Jackson county for the same offence. That was not done, simply because it would have availed nothing. It has been seen original jurisdiction of an offence, like the one charged in the first count of the indictment against defendant, is necessarily local, and is confined to the courts of the county where the offence is committed, and an acquittal elsewhere is as nothing in law. The plea in this case is in the usual form given where it is filed in the same county where the trial was had on the first indictment, to a

second indictment in the same court for the same offence.
But that is not sufficient in a case like the one being consid-
ered. Here the plea is defective, because it does not show, by
way of averment, that the circuit court of Perry county in
any way, or for any cause, obtained jurisdiction to try de-
fendant for the crime of receiving stolen goods, with guilty
knowledge, in the county of Jackson, and therefore it is ob-
noxious to the demurrer.

A question might arise as to whether the plea might not
be good as to the second count of the indictment, which
charges defendant with aiding to conceal stolen goods. It
might be he aided in concealing the property in Perry county,
and that fact would have conferred jurisdiction. How the
law may be on that question it will not now be necessary
to decide, for it does not appear from the plea the property
was ever in Perry county. That fact is jurisdictional, and
must appear, or the plea will be bad. It will be observed
the former acquittal pleaded took place in another county,
and not within the jurisdiction of the court where the second
indictment was found, and it is necessary the plea should
show the court had jurisdiction to try defendant for the
identical offence charged in the second indictment. It is
apprehended it must appear, from the plea itself, how the
court obtained jurisdiction, otherwise the plea will be no bar.
Lord HALE states the rule to be, that a plea of former acquit-
tal is no bar to an indictment for larceny in the county of C,
for though the accused be acquitted in D, it may be because
the goods were never brought into that county, and so the
felony in C was not in question.

But another view renders any further consideration of this
branch of the case unnecessary. The plea of *autre fois acquit*,
it will be observed, is to the whole indictment. Failing to
answer any one count of the indictment, the plea would be
bad on demurrer. (*Commonwealth* v. *Wade*, 17 Pick. 395.)
As has been seen, it was clearly bad as to the first count of the

indictment, because it did not show how, or for what reason, the circuit court of Perry county obtained jurisdiction to try defendant for receiving stolen goods in Jackson county, knowing the same to have been stolen. As a matter of law, that court could have no original jurisdiction. Had defendant pleaded "not guilty" to the first count of the indictment, and "*autre fois acquit*" as to the second count, which charges him with aiding in concealing the stolen goods, then the question whether the circuit court of Perry county had jurisdiction on the first indictment to try defendant for that offence, on the ground it was an offence that might be committed in any county into which the property was carried and concealed, would have been fairly presented, and might have been definitely determined. But that was not done, and the demurrer was properly sustained.

Passing now to the consideration of the instructions given by the trial court, it does not appear from the transcript of the record in this case that more than one instruction was given on behalf of the People. That has relation to the form of the verdict, and it is so clearly accurate no question is made concerning it. On behalf of defendant a great number of instructions were given, stating the law very favorably for the defence sought to be made. Of the instructions refused that were asked for by defendant, it is insisted it was error in the court not to give the first, second and third of the series as they appear in the transcript of the record. The first instruction is faulty, because it directs the attention of the jury to a particular piece of evidence, and gives an undue importance to it, and for the further reason it gives a construction to the letter to which attention was called, not warranted by any correct reading of the same. The proposition contained in the second charge, if defendant concealed the stolen property "with an intention to save himself from loss," is not the law, and that vicious clause rendered the whole instruction bad. If it be conceded the third charge contains

a correct principle of law, it could not have the slightest application to the facts of the case, and the court very properly refused it.

In support of his motion for a new trial, defendant filed his own affidavit of matters stated and accusations made by the State's attorney in his closing argument to the jury, against defendant, not warranted by any evidence in the case. If the State's attorney said all that is imputed to him, his conduct in that respect is not free from blame. It is no sort of justification for him that counsel for defendant may have traveled out of the record and made statements not warranted by the evidence. But it does not appear from anything in this record that defendant called the attention of the court to the objectionable language at the time. Had he done so, no doubt the court would have checked counsel at once, and admonished him not to repeat the objectionable language. A party on trial will not be permitted to remain quiet, without calling the attention of the court to it, and permit counsel to indulge in improper language, and afterwards assign the same for error. He must object at the outset, or his objection will be deemed to have been waived. Counsel say, in the case at bar, that at the time the objectionable language was being used, the attention of the trial judge was called to the fact, and the judge not only failed to check counsel, but gave him license to proceed. No such objection is found in the abstract. The transcript of the record has also been examined, and no such thing is discovered, if any exists. Failing to call the attention of the court to the improper language at the time it was used, it is now too late to insist upon it as error. The fact it was embodied in an affidavit in support of a motion for a new trial, does not dispense with the necessity for calling the attention of the court at the time that counsel might be confined to the record in the argument of the case. Omitting to do so, the objection can not now prevail. *Wilson* v. *The People,* 94 Ill. 299.

37—109 ILL.

Without entering upon any analysis of the evidence, it may be said, when it is subjected to a careful consideration it is seen it fully justifies the verdict. Ordinarily, the question of the guilt or innocence of the accused on trial for crime is a fact peculiarly within the province of the jury to find. It is the duty of the court, however, to see that no injustice is done the accused, and for that reason the court must consider the evidence in all criminal cases that come before it. That has been done in this case, and no reason is perceived for disturbing the verdict.

It has been observed the indictment contains two counts,— one for receiving stolen property, and the other for aiding in concealing stolen property,—and it is insisted a general verdict of guilty is bad. Both counts in this indictment relate to the same transaction, and the punishment, even if the offences are distinct, is precisely the same. That being so, under the decision of this court in *Lyon* v. *The People*, 68 Ill. 271, a general verdict is good in law, and will sustain a judgment imposing a single punishment, as was rendered in this case.

No serious error is discovered in the admission of testimony against defendant, that would justify any complaint on that score. The suggestion the letter read in evidence was written under such circumstances as made it a "privileged communication," has so little in its support it need not be remarked upon. On the whole record, when considered, no error materially affecting the merits of the case is perceived, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*