(No. 23563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* EDWARD WHITE, Defendant in Error.

*Opinion filed December 10, 1936.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

ELLIS & WESTBROOKS, BLAINE G. ALSTON, DEFRANTZ R. WILLIAMS, and EDWARD M. BYRD, (RICHARD E. WESTBROOKS, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Edward White was indicted in the criminal court of Cook county for assault with intent to kill and murder and for assault with a deadly weapon. The counts charging assault with a deadly weapon were *nolled*. White first entered a plea of not guilty, but obtained leave to withdraw his plea and to file a plea of former jeopardy, alleging that he had been formerly acquitted of the offense with which he was charged in the indictment and that the assault referred to was the same assault. To his plea of *autre fois acquit,* which was verified, the People filed a replication, and after the allowance of a slight amendment on the face of the plea it was stipulated between the State's attorney and the defendant and his counsel "that the replication heretofore filed herein be allowed to stand as a demurrer." After this, the record shows the following entry: "And the court hearing counsel in support of said demurrer as well as in opposition thereto and being fully advised in the premises doth overrule said demurrer and sustains said plea *autre fois acquit.* And it is further ordered by the court that the indictment in this cause be and the same is hereby quashed." This writ of error was sued out by the People in an attempt to secure a review of the action of the trial judge, particularly because he not only sustained the plea but also quashed the indictment. White has entered his special appearance in this court and filed a motion, with suggestions in support thereof, to dismiss the writ of error for want of jurisdiction.

The chief complaint of the People seems to be that the trial court erred in quashing the indictment without having something before it in the nature of evidence. The obvious answer is that when the State's attorney stipulated that his

replication stand as a demurrer to the plea of *autre fois acquit* an issue of law and not of fact was raised, and no evidence was necessary for the determination by the trial court of the point in issue. The demurrer admitted the identity of the offenses and of the accused, and an issue of law was raised which, without any other plea or evidence, enabled the trial court to dispose of the case. *People* v. *Bain*, 358 Ill. 177; *State* v. *Haynes*, 36 Vt. 667.

We have held that a writ of error would not lie in criminal cases at the instance of the People without a statute conferring the right "in the most plain and unequivocal terms, such as cannot be turned by construction to any other meaning." Section 17 of division 13 of the Criminal Code (Laws of 1933, p. 466,) was amended to provide for writs of error to review orders or judgments in criminal cases, but limited, so far as we are here concerned, to orders or judgments "quashing or setting aside an indictment or information." This new provision was applied by us in *People* v. *Kopman*, 358 Ill. 479, where we reversed a judgment which had sustained a motion to quash an indictment. In the present case, however, there was no motion to quash the indictment and no necessity or propriety for the trial court to enter any order on that subject. The hearing was solely on the demurrer to the plea of *autre fois acquit*, and when that plea was sustained the defendant was entitled to an order of discharge. The entry by the trial judge of the additional sentence quashing the indictment after the plea had been sustained may be rejected as surplusage. (*People* v. *Stokes*, 334 Ill. 200.) The amended section of the Criminal Code above cited which provides for writs of error in certain cases therefore does not apply to the case at bar.

The motion to dismiss the writ of error is allowed and the cause is dismissed for want of jurisdiction.

*Cause dismissed.*