People of the State of Illinois, Plaintiff in Error, v. Eugene L. McGarry (Impleaded), Defendant in Error.

Gen. No. 41,135.

Opinion filed October 1, 1940. Rehearing denied October 15, 1940.

THOMAS J. COURTNEY, State's Attorney, for plaintiff in error; WILBERT F. CROWLEY, EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and BLAIR L. VARNES, Assistant State's Attorneys, of counsel.

WALKER BUTLER, of Chicago, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

Defendant filed a plea in bar to an indictment in a criminal case; this was heard by the trial judge who sustained the plea and ordered the defendant discharged; the People in this court challenge this ruling by writ of error; defendant moves that this be dismissed on the ground that the People have no right to a writ of error to review a judgment in a criminal case. Should this motion be sustained, is the question presented.

Our Supreme Court in a series of recent decisions has laid down rules for determining such a motion. In *People v. Barber,* 348 Ill. 40, in a comprehensive opinion, filed February, 1932, examining a large number of cases it was held that the reviewing court had no power, at the instance of the People, to review a judgment in a criminal case. This was especially true in view of the statute of 1845 (Smith-Hurd Stat. 1931, ch. 38, par. 747), which provided "that in no criminal case shall the People be allowed an appeal, writ of error or new trial."

Subsequently, in 1933, a statute was passed which provided that "The People may sue out writs of error to review any order or judgment quashing or setting aside an indictment or information." Ch. 38, par. 747. This statute was applied in *People v. Kopman,* 358 Ill. 479, where the Supreme Court reversed a judgment which sustained a motion to quash an indictment.

In *People v. White,* 364 Ill. 574, defendant filed a plea of former jeopardy, alleging that he had been formerly acquitted of the offence with which he was charged in the indictment; to this plea a replication was filed which by stipulation was allowed to stand as a demurrer to the plea; the trial court after hearing entered an order overruling the demurrer, sustained the plea and ordered the indictment quashed. The People sued out a writ of error seeking a reversal of the action of the trial judge, not only because he sustained the plea but quashed the indictment; the Supreme Court held that

the hearing was solely as to the plea of former acquittal and when that plea was sustained defendant was entitled to an order of discharge and the additional order quashing the indictment should be rejected as surplusage; that the amendment of 1933 to the criminal code did not apply, and the motion to dismiss the writ was allowed.

In *People v. Vitale,* 364 Ill. 589, the People attempted by writ of error to bring in review the orders of the trial judge discharging the two defendants. The Supreme Court in its opinion said ''The important issue that lies at the threshold of this case is whether the People have a right to a writ of error.'' The amendment of 1933 to the criminal code was considered and it was held this statute specifically limited the right to a writ of error to those cases in which the trial court had quashed or had set aside the indictment. The court said ''It was not intended by the General Assembly to grant a general right of review to the People from every unfavorable judgment in a criminal case''; that the legislative amendment permitted the People to have a review in criminal cases in two situations: '' (1) Where the sufficiency of the indictment had been challenged by motion to quash prior to plea and motion sustained, and (2) where the indictment was attacked by motion in arrest after verdict or finding before the court where a jury was waived, the indictment was searched and found wanting in some one or more material requirements, the motion therefore granted and the indictment 'set aside.' '' The court said the plea of former conviction in that case did not put in issue the validity of the indictment; that the only question in issue was the sufficiency of the plea and not the soundness of the indictment; that if the plea in bar was sustained the proper judgment is *nil capiat,* and any other words may be considered as mere surplusage. No opinion was expressed as to the validity of the pleas but the court held it had no jurisdiction and could not review the

judgment of the trial court holding the pleas good. Similar facts were presented in *People v. Nitti*, 365 Ill. 20, in which the trial court sustained a plea in bar which the People attempted to have reviewed by writ of error. The Supreme Court held it was without jurisdiction and the writ was dismissed.

In *People v. Finkelstein*, 372 Ill. 186, defendant moved to quash the indictment as insufficient; while the motion to quash was pending defendant filed a plea in bar alleging immunity from prosecution; a replication was filed to this plea which was later withdrawn and the People filed a motion to strike the plea; the trial court heard arguments on both motion to quash and that to strike the plea of immunity; the trial court stated that although he was satisfied defendant was entitled to immunity, yet because the motion to quash the indictment was filed first he would dispose of that, which he did by sustaining it and quashing the indictment; he then announced that since the indictment fell, the plea fell with it. To the argument that what occurred in the trial court was of no special consequence, as in substance the result was the same as sustaining the plea, the Supreme Court opinion said the right of the People to writs of error depends upon whether the judgment of the court quashed the indictment or sustained the plea, and it was important and not a mere technicality that the record be kept straight in that regard. The opinion went on to say that "On a record quashing an indictment the People, under the section of the Criminal Code quoted, have a right to sue out writs of error. On a judgment of the court sustaining a plea in bar and discharging the defendant, the People do not have such a right." It was held that the trial court should have held the motion to quash waived and passed upon the motion to strike the plea and that it was error to sustain the motion to quash the indictment while the plea in bar was pending.

The record in the present case shows that the People filed an answer to defendant's plea in bar and, after hearing on the plea and answer, the trial court sustained the plea and ordered defendant McGarry discharged.

The People argue in opposition to the motion to dismiss the writ that the form of the order is not controlling but the substantial character of the plea in bar shows it was in effect a motion to quash the indictment and should be so considered and the order of the trial court sustaining the plea and discharging the defendant should be considered as in substance an order quashing the indictment. The point is without merit. The right of the People to a writ of error in a criminal case does not exist except when it is plainly and unequivocally conferred by express statute. In the language of the Supreme Court in *People v. White,* 364 Ill. 574, the writ of error will not lie in criminal cases at the instance of the People without a statute conferring the right " 'in the most plain and unequivocal terms, such as cannot be turned by construction to any other meaning.' "

Moreover, the plea cannot be considered as a motion to quash the indictment. The indictment charged that Eugene L. McGarry, defendant, was a judge of the municipal court of Chicago then and there acting as such judge and had power and authority to admit to bail persons charged with criminal offenses, to approve and certify bail bonds, examine the sureties on oath and to take proof and acknowledgment on such bail bonds made by such sureties under oath. It was charged that McGarry with certain other persons conspired to do divers illegal acts injurious to the administration of public justice, in that McGarry certified divers bail bonds containing schedules of personal property had been sworn to before McGarry as judge by the person whose name appeared on the bond as surety, when in truth and fact no such acknowledgment or proof was made by such person as surety in said respective bail

bonds, either before McGarry or any other judge. The second count of the indictment is substantially to the same effect, charging certain persons conspired with McGarry to advise and encourage him to certify that certain bail bonds had been sworn to under oath before him, McGarry, when in fact no such acknowledgment or proof was made by such person, either before Mc-Garry or any other judge.

The plea in bar asserted that McGarry was a duly elected judge of the municipal court of the city of Chicago and as such immune from indictment and trial for the offenses alleged to have been committed in his office as judge, and for alleged omissions of duty in his office of judge; that the criminal court had no jurisdiction of the subject matter set forth in the indictment; that McGarry can be prosecuted only under the terms and provisions of section 30, article 6 of the State constitution, in that the indictment and all matters and things therein set forth relate exclusively to official judicial acts of McGarry as judge of the municipal court. Both in form and substance this was a plea of immunity as a bar to prosecution and not a motion attacking the indictment. As was held in *People v. Vitale,* 364 Ill. 589, the plea of former conviction did not put in issue the validity of the indictment any more than a plea in bar tests the sufficiency of a declaration or complaint at law. The plea in bar in no wise went to the sufficiency of the indictment but raised only the legal question as to whether under the indictment defendant could be prosecuted. In the *Vitale* case it was said ''The ruling of the court sustaining the plea was in legal effect a holding that the prosecution was barred under the indictment but not an adjudication that the indictment was bad.''

We are expressing no opinion as to the correctness of the trial court's judgment on the plea in bar.

The above authorities clearly indicate that in the instant case the People cannot obtain a review of the rul-

ing of the trial court and that the motion to dismiss the writ must be sustained.

For the reasons indicated the cause is dismissed for want of jurisdiction.

*Dismissed.*

O'CONNOR, P. J., and MATCHETT, J., concur.