(No. 35844.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* HENRY C. FERGUSON, Defendant in Error.

*Opinion filed September 29, 1960.—Rehearing denied Nov. 30, 1960.*

EUCLID LOUIS TAYLOR, and CASIMIR R. WACHOWSKI, both of Chicago, for defendant in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

Judgment in this case was announced at the May, 1960, term, and this opinion sets forth the reasons for the conclusion then announced.

The case presents two important questions of criminal procedure. The first concerns the right of the People to a writ of error to review a judgment which sustained a "plea in bar" to an indictment and discharged the defendant, and the second concerns the scope and availability of a plea in bar.

The defendant is one of the judges of the municipal court of Chicago. With 33 other persons, he was indicted for conspiracy to obstruct justice, to cheat and defraud the

city of Chicago and the county of Cook and to extort money from motorists. The indictment did not refer to the defendant's status as a judge of the municipal court.

To this indictment the defendant filed a "plea in bar," which alleged that he, "the said Henry C. Ferguson, is a duly elected, commissioned, qualified and de jure Judge of the Municipal Court of the City of Chicago, County of Cook, Illinois and, as such Judge, immune from indictment and trial on indictment for offenses alleged to have been committed in his said office as Judge while acting honestly and in good faith, and for alleged omissions of duty in his said office as Judge while acting honestly and in good faith, and at all of the times and at all of the places mentioned in the said indictment returned in this cause, the said Henry C. Ferguson was such Judge in and for the Municipal Court of the City of Chicago, Cook County, Illinois and, therefore, immune and exempt from prosecution upon indictment and trial in the Criminal Court of Cook County, Illinois, for his official actions done honestly and in good faith, and that the said Criminal Court of Cook County, Illinois has no jurisdiction of the subject matter or the person of the said Henry C. Ferguson set forth in the said indictment  *  *  *." The plea also alleged that section 30 of article VI of the constitution of 1870 is a complete bar to his prosecution for official acts done honestly and in good faith.

A motion to strike the plea was overruled and judgment was entered discharging the defendant. Because the plea appeared to call for a construction of the constitution, the People sued out a writ of error from this court.

We turn at once to the defendant's contention, asserted by his motion to dismiss the writ of error, that the judgment discharging the defendant is not subject to review. Section 17 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 747) provides that the People may sue out a writ of error "to review any order or judg-

ment quashing or setting aside an indictment or information," and the defendant, citing *People* v. *White,* 364 Ill. 574, asserts that because the judgment in this case did not quash the indictment, it is not reviewable.

The defendant relies upon *People* v. *McGarry,* 306 Ill. App. 542, and points out that the plea in bar filed in this case is identical with the plea which was filed in the *McGarry case.* In that case a judge was indicted for criminal conspiracy. He filed a plea in bar which was sustained by the trial court. The Appellate Court expressed "no opinion as to the correctness of the trial court's judgment on the plea in bar" but dismissed the People's writ of error upon the ground that the plea was "in form and in substance a plea of immunity as a bar to prosecution, and not a motion attacking the indictment." This precedent was followed by the trial court in entering judgment in the present case.

We are not, of course, familiar with the arguments advanced by the defendant in the *McGarry case,* and in any event that ruling does not bind this court. Here there is no sweeping claim of blanket immunity for judicial acts, such as was apparently asserted in the *McGarry case.* (See 306 Ill. App. at 547.) The defendant in this case does not contend that one who holds judicial office is for that reason alone immune from criminal prosecution; his claim of immunity is properly limited to judicial acts performed honestly and in good faith. Whatever may have been the intention of the pleader, the plea does not allege that the acts charged in the indictment were performed honestly, in good faith and in the course of defendant's judicial duties. It alleged as a fact that the defendant is a judge of the municipal court of Chicago. Beyond that single allegation of fact, it consisted entirely of propositions of law upon which issue could not be joined. That allegation was insufficient to afford a factual basis for the legal argument that defendant has sought to advance. Because the plea presented no relevant issues of fact, the motion to strike it

should have been allowed. And because the only issues that it could have raised were issues of law relating to the sufficiency of the indictment, which are the issues presented by a motion to quash, it will be treated by us as such a motion, for it is the substance which controls, and not the label. That it was not so treated by the trial court can not, in our opinion, operate to cut off review of a judgment which could have been based only upon the insufficiency of the indictment. The motion to dismiss the writ of error is therefore denied.

The briefs and arguments of counsel have discussed at considerable length the availability of a plea in bar to present the defense of immunity from prosecution. In view of our ruling that the plea here was not a plea in bar but was in effect a motion to quash, we would be justified in declining to rule on this question. However, it is apparent that there has been confusion and uncertainty in this State as to the proper scope of a plea in bar and we believe it is appropriate to determine the question.

In Illinois it has long been settled that by statute all defenses are available under the general issue. (Ill. Rev. Stat. 1959, chap. 38, par. 731; *Hankins* v. *People,* 106 Ill. 628.) In the *Hankins case,* the statute was construed to abolish all special pleas, including the common-law plea of double jeopardy. The *Hankins case* was followed in *People* v. *Brown,* 354 Ill. 480, and *People* v. *Simos,* 345 Ill. 226, each of which held that a special plea of double jeopardy was improper, because this defense could be raised under a plea of not guilty. However, in *Campbell* v. *People,* 109 Ill. 565, and *Gannon* v. *People,* 127 Ill. 507, both decided after the *Hankins case,* the propriety of a special plea of double jeopardy was recognized, without discussing *Hankins.* In *People* v. *Bain,* 358 Ill. 177, we held that it was proper to raise the defense of double jeopardy by special plea, stating that *Hankins* had been in effect overruled by the *Campbell case.* All of these cases dealt with the defense

of double jeopardy, which was the plea in bar that the common law recognized in the form of *autrefois acquit, autrefois convict,* and pardon.

Two later cases, however, intimated an expanded scope for the common-law plea. In *People* v. *Martorano,* 359 Ill. 258, the court discussed a plea in bar which asserted immunity because of a prosecution promise of immunity. Although the court did not overrule the *Hankins case,* and in fact referred to the rule of that case as a "well established and wise rule of practice," it did not hold that the statute prohibited the filing of a special plea in bar. While the opinion indicated that the special plea of immunity was proper, reversal of the conviction was not based upon the trial court's rejection of the plea, but upon the fact that the conviction was obtained by use of a confession obtained by a promise of immunity. The other case in which the common-law scope of the plea was seemingly extended is *People* v. *Finkelstein,* 372 Ill. 186. In that case, both a motion to quash and a plea in bar were filed. Both the motion and the plea alleged that defendant was immune from prosecution by reason of the fact that he had furnished certain information to State investigators. The trial court allowed the motion to quash and did not rule on the plea. This court held that the trial judge erred in ruling on the motion, since the motion had been waived by filing the plea. The judgment was reversed and the cause remanded without any expression of opinion as to the propriety of the plea. The intimations in *Martorano* and *Finkelstein* apparently culminated in the decision of the Appellate Court in *People* v. *McGarry,* 306 Ill. App. 542, which has been referred to.

This brief review suggests the policy considerations that should govern the use of pleas in bar in criminal cases. No factor of necessity prompts an expanded use of such pleas, because any defense that might be raised under them is available under a plea of not guilty. Restricted to their

common-law scope, such pleas offer a convenient method for prompt disposition of cases upon narrow issues with respect to which factual dispute is unlikely, and readily resolved. Moreover, the common-law pleas involved only matters which had occurred after the events charged in the indictment—former acquittal, former conviction, or pardon. They did not involve a trial of the matters charged in the indictment. If other matters, directly related to guilt or innocence of the defendant, may be raised by plea in bar, the defendant may have two trials of the same issue—one upon his plea in bar, and the other upon his plea of not guilty.

We hold, therefore, that a plea in bar is appropriate in a criminal case only in those instances in which such a plea was permitted at common law. The judgment of the criminal court of Cook County is reversed, and the cause is remanded for further proceedings, not inconsistent with this opinion.

*Reversed and remanded.*