People of the State of Illinois, Plaintiff in Error, v. Raymond P. Drymalski (Impleaded), Defendant in Error.

Gen. Nos. 48,081–84 (Consolidated).

First District, First Division.

January 23, 1961.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley, Assistant State's Attorney, of counsel) for plaintiff in error.

Harry J. Busch and Jacob Shamberg, of Chicago, for defendant in error.

PER CURIAM.

These cases are brought here on writ of error to the Criminal Court of Cook County to review the judgments of that court discharging the defendant. He was indicted with other defendants in three indictments charging conspiracy to obstruct justice and to cheat and defraud the City of Chicago and County of Cook. In a fourth, he was indicted alone for malfeasance in the office of Chief Justice of the Municipal Court of Chicago.

Defendant filed what he termed, "pleas in bar" alleging that he was a *de jure* judge of the Municipal Court of Chicago; that the acts complained of were done "honestly and in good faith" in the administration of his judicial duties, and, therefore, he was exempt from indictment thereon. The People's oral motion to strike the "pleas in bar" was denied and answers to the pleas were filed. After a hearing on the pleas and answers, the "pleas in bar" were sustained and the defendant ordered "discharged."

We think the decision of the Supreme Court of Illinois, People v. Ferguson, 20 Ill.2d 295, 170 N.E.2d 171 (1960), controls our decision in this appeal.

█ In that case the Supreme Court of Illinois held, that the judgment discharging Ferguson was reviewable. On authority of that holding, we hold that the instant judgment is reviewable.

█ The Supreme Court also held, "that a plea in bar is appropriate in a criminal case only in those

480

instances in which such a plea was permitted at common law." This holding followed a previous conclusion that "the common-law pleas involved only matters which had occurred after the events charged in the indictment—former acquittal, former conviction, or pardon. They did not involve a trial of the matters charged in the indictment."

■ Since the instant pleas did not come within those permitted at common law, we are impelled to hold that the plea was inappropriate and should not have been sustained, and, that the judgment of the trial court is erroneous.

The court heard evidence on the question whether the defendant's unlawful acts were "performed honestly," and the judgment was "a discharge." Defendant argues that this amounted to a bench trial under the indictment. There is no merit in this argument, in view of the Ferguson decision, that these questions of fact should be determined under a plea of "not guilty."

It is contended that the Ferguson case is distinguished because in the Ferguson plea, as the Supreme Court noted, there was not alleged, "that the acts charged in the indictment were performed honestly, in good faith, and in the course of defendant's judicial duties." We see no merit in this contention. The Supreme Court was considering a "plea in bar," which it found to be, and treated, as a motion to quash. The court did discuss the lack of the above alleged facts in the Ferguson plea. But, it left no basis for inference that, if those facts had been alleged, the plea would have been a proper "plea in bar." The Supreme Court's intention was to limit the scope of a "plea in bar" to the scope at common law.

Because of the holding in People v. Ferguson, and for the additional reasons given, the judgment is reversed and the cause is remanded for further proceeding.

Judgment reversed.