City of Gibson City, Plaintiff-Appellant, v. Robert W. McClellan, Defendant-Appellee.

Gen. No. M–10,620.

Fourth District.

July 20, 1965.

Charles E. Carnahan, of Gibson City, for appellant.

Robert E. Martensen, of Paxton, for appellee.

SMITH, P. J.

The Magistrate's Division of the Circuit Court of Ford County allowed defendant's motion to dismiss a prosecution for violation of a penal ordinance of the city and released the bond of $25. The motion was based on the proposition that defendant was not tried within 120 days after demand for trial. The city appeals from the dismissal order.

The record shows the arrest of the defendant on June 26, 1964, his appearance with counsel before a magistrate the same day, and the following docket entry:

"6–26–64. Defendant appears in Court with counsel and asks for a jury trial. Bond set at $25.00. Cash bond posted. Case continued until next impaneled jury."

One hundred and thirty-nine days later defendant moved for dismissal for failure of the city to bring him to trial within 120 days as required by the Code of Criminal Procedure. Ill Rev Stats (1963) c 38, § 103–5. Paragraph (b) of this section reads as follows:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 120

days from the date defendant demands trial unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal."

Both counsel agree that this statute applies to the violation of a penal ordinance of a city. Thus they give practical effect to § 102–15 which provides:

" 'Offense' means a violation of any penal statute of this State or of any penal ordinance of its political subdivisions."

It should also be observed that § 102–9 defines a complaint as a ". . . verified written statement other than an information or an indictment, presented to a court, which charges the commission of an offense." To reverse this order of dismissal, the city appeals.

Blanketed in as it is under the Code of Criminal Procedure, we are at once confronted with the right of the city to appeal from an adverse decision in a prosecution to enforce a penal ordinance of the city. Historically, the right of the prosecution to appeal in criminal cases has slowly evolved by legislative creation, coupled with legislative and constitutional prohibitions, to permit review by the State of adverse rulings on the validity of indictments and informations. People v. Moore, 410 Ill 241, 102 NE2d 146, Ill Rev Stats 1949, c 38, § 747 and People v. Drymalski, 22 Ill2d 347, 175 NE2d 553. In People v. Mosby, No. 36052, decided without opinion at the September Term 1960, our Supreme Court allowed defendant's motion to dismiss People's petition for writ of error to review a judgment of the Criminal Court of Cook County discharging a defendant for failure to bring him to trial within the four months' rule. The apparent reason for such action as disclosed by the briefs of both sides was that no appeal or right of review is available to the People in such a case because the validity of an

indictment was not involved. The action in Mosby was patently consonant with the law as it existed prior to January 1, 1964.

If any change now exists in the law, it must, we think, find its basic origin in Rule 27 of the Supreme Court effective January 1, 1964. 28 Ill2d xx. It reads in part as follows:

"Rule 27. (1) This rule supersedes and replaces sections 120–1, 120–4, 121–2, 121–3, 121–4, 121–6, 121–7, 121–8, 121–10, 121–11, 121–12 and 121–13 (a) (b) and (d) of the Code of Criminal Procedure of 1963. Ill Rev Stats 1963, chap 38.

"(4) In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing an indictment, information or complaint; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence. . . ."

In the application of this rule to the case at bar, it is neither for us to blaze new trails nor to depart from the plain language of the rule as we are able to comprehend and understand it. We do not think it can shed the shell of its birthplace like the locust nor disclaim the historical legal parentage that gave it birth. It must be appraised in the light of its ancestry and judged by the ends it seeks to accomplish. In this context, we now turn to the substantive effect of the trial court's action in the case. It is the substance of that action which controls and not its label. People v. Ferguson, 20 Ill2d 295, 170 NE2d 171. The action of the trial court did not involve a trial of matters involving the adequacy or sufficiency of the indictment. It related to factual matters arising after the indictment which as a matter of law results in a

221

bar to further prosecution on the identical charge. It is in the same category as the common law pleas of former acquittal, former conviction, pardon or immunity from prosecution.

██ The substantive effect of the application of the 120-day rule in proper cases, be it while in jail or on bail after demand for trial, has uniformly been the discharge of the defendant. As early as People v. Heider, 225 Ill 347, 80 NE 291, 293, the Supreme Court used this language:

> ". . . When a person tried for a crime brings himself within the provisions of the statute, he is entitled to be set at liberty, and cannot afterward be committed or held for the same offense when charged therewith by a second indictment. Brooks v. People, 88 Ill 327. In that case it was considered that any other construction would open the way for a complete evasion of the statute, which, of course, is plainly apparent. The provision of the Constitution can only be given its legitimate effect by holding that a person once discharged is entitled to immunity from further prosecution for the same offense, and that construction was again adopted in the case of Newlin v. People, 221 Ill 166, 77 NE 529. . . ."

This view as to the right to discharge under the 120 day statute is followed in People v. Utterback, 385 Ill 239, 52 NE2d 775 and People v. House, 10 Ill2d 556, 141 NE2d 12, and we do not believe it to be subject to any doubt.

Furthermore, at page 293 of the Northeastern citation, Heider places a motion for discharge in the same basket with common law pleas in bar and uses this language:

222

". . . . There would be no difference, in principle, between such a proceeding for discharge and setting up the defense of former jeopardy, or former conviction and acquittal of the same offense, which, under our statute, may be set up under the plea of not guilty. . . ."

If this is true, and we think it sound, then article II ¶ 10 of the Constitution raises its ugly head and the problem of double jeopardy arises. People v. Ferguson, 20 Ill2d 295, 170 NE2d 171.

 We, therefore, conclude that the substantive effect of the trial court action was to discharge the defendant rather than to dismiss the indictment. We further note that the remaining subject matter of Rule 27(4) deals nowhere with matters relating to the discharge or acquittal of the defendant. It deals with matters interlocutory in nature or with defective indictments. By the use of the word "only" in the rule, we think the Supreme Court closed the door on any appeal by the prosecution in any area not specifically covered by the Rule. We think the rule was intentionally framed within the limitations of our Constitution wherein by article II § 9 a speedy trial is guaranteed and by article II ¶ 10 one may not be put in jeopardy twice for the same offense. In so asserting, we do not suggest that the Supreme Court is without power to broaden the right of appeal. We do say that they have not in specific language done so in Rule 27(4) and that we ought not, by a process of mental gymnastics and circuitous reasoning, put words in their mouths. We do not facetiously say that had they intended an appeal by the State from an order discharging the defendant for failure to comply with the 120-day statute, they would have said so. We do not believe that what they have said in Rule 27(4) is

a clear and concise repudiation of what they did in Mosby.

It follows, therefore, that we are without jurisdiction to consider the merits of this appeal and it must be dismissed.

Appeal dismissed.

TRAPP and CRAVEN, JJ., concur.