**Town of Bloomington, Plaintiff-Appellant, v. John W. Murphy, Defendant-Appellee.**

Gen. No. M–10,718.

Fourth District.

July 25, 1966.

Campbell, Markowitz & Lawrence, of Bloomington (William B. Lawrence, of counsel), for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Whedon Slater and William C. Wetzel, of counsel), for appellee.

CRAVEN, J.

The town of Bloomington filed a complaint in the magistrate division of the circuit court of McLean County charging the defendant with a violation of an ordinance of the township relating to the regulation of junk dealers and dealers in secondhand articles, including automobiles. Specifically, the defendant was charged with violating the ordinance by dealing in junk and in the operation of a junkyard on an abandoned railroad right-of-way in violation of the ordinance.

The ordinance purports to regulate and license junk dealers and provide procedures for payment of fees and the making of application for license. Conduct of the regulated business without a license is prohibited, as is the operation of a junkyard on an abandoned railroad right-of-way at any location in the township. The ordinance as adopted by the electors of the township at the town meeting in April of 1954. Paragraph 39.12, c 139, Ill Rev Stats 1953, provided that electors at the town meeting shall have the power to authorize the licensing

and regulation and direction of the location of all places of business of dealers in junk by appropriate ordinance.

The cause was dismissed on motion of the defendant. The assigned basis for the dismissal was that the ordinance had no real and substantial relationship to the public health, safety, morals or general welfare, and further that the ordinance was violative of the equal-protection clause of the Fourteenth Amendment to the Constitution of the United States.

■■ Turning first to the procedural question raised by this appeal, we believe it now to be established that the alleged violation of a penal ordinance charged in a complaint is the charge of an offense within the meaning of § 102–15 of c 38, Ill Rev Stats 1963. The action by the court in dismissing this complaint is, therefore, appealable and within the purview of Supreme Court Rule 27. Ill Rev Stats 1965, c 110, par 101.27; see also City of Gibson City v. McClellan, 61 Ill App2d 218, 209 NE2d 363 (1965).

■ As to the merits of this controversy, counsel are in agreement that this legislative delegation of power to townships is one involving the exercise of the police power and its validity is to be measured not by whether the ordinance is deemed to be wise but whether it has a rational relation to public health, safety, morals or general welfare. City of Aurora v. Burns, 319 Ill 84, 149 NE 784 (1925); Frost v. Village of Glen Ellyn, 30 Ill2d 241, 195 NE2d 616 (1964).

■ Counsel, at the time of oral argument, observed that the town of Bloomington was a rural township with an abandoned railroad in it and, although this does not appear in the record, the geography of a political subdivision is a matter that may be judicially noted. Is it reasonable to prohibit the operation of a junkyard on an abandoned railroad right-of-way in a rural township and concurrently to permit the operation of a junkyard, sub-

ject only to licensing, everywhere else in the township? It is our conclusion that this inquiry must be answered in the negative.

█ The defendant in this case does not dispute the right to regulate but only asserts that the regulation must not be arbitrary or unreasonable. Neither this court nor the defendant has undertaken the affirmative of a proposition relating to the desirability of a junkyard as distinguished from its necessity. To provide by ordinance, however, that a junkyard, with all of its attendant undesirable attributes, may be located anywhere in a township except on an abandoned railroad right-of-way appears to us to be patently unreasonable and arbitrary. Such an ordinance appears more aimed at the geography of the township and the likelihood of the location of junkyards rather than at promoting the health, safety and welfare. The ordinance cannot be said to have been based on the studied consideration of the several factors enumerated in Gordon v. City of Wheaton, 12 Ill2d 284, 146 NE2d 37 (1957).

█ As counsel for the appellant observed in their brief, if the township had authority to zone its land uses —which, of course, it doesn't—it might well be reasonable and valid to zone abandoned rights-of-way of railroads the same as neighboring land. Being thus classified the same as the abutting land in a rural township, such as Bloomington township, it would probably be agricultural or residential classification. We agree with that observation and believe it untenable that an ordinance, under the guise of regulating junkyards, may be permitted to stand which prohibits a junkyard on a long, narrow strip of land in a rural township without any reasonable basis for so distinguishing the land from that abutting it or, indeed, that throughout the rest of the township.

Having concluded that the ordinance, as here sought to be enforced, is invalid, it is unnecessary to discuss the equal-protection views advanced by the parties.

The judgment of the magistrate division of the circuit court of McLean County was correct and is affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.