(Nos. 36400-01-02-03.)

The People of the State of Illinois, Defendant in Error, *vs.* Raymond P. Drymalski, Plaintiff in Error.

*Opinion filed June 14, 1961.*

Harry J. Busch, and Jacob Shamberg, both of Chicago, plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago, (John T. Gallagher, and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This writ of error, sued out to review a judgment of the Appellate Court for the First District, presents problems of criminal procedure related to those considered in *People* v. *Ferguson*, 20 Ill.2d 295, and likewise involves the proper application of the principles concerning pleas in bar that were laid down in the *Ferguson case*. ..

By three separate indictments returned to the criminal court of Cook County, the defendant, Raymond P. Drymalski, then chief justice of the municipal court of Chicago, was charged with conspiracies to obstruct justice and to defraud Cook County and the city of Chicago. The indictments grew out of matters having to do with the vacation of judgments and the forfeiture of bail bonds, and joined with defendant in the charges were his administrative assistant, two former assistant State's Attorneys and four professional bondsmen. He was indicted alone for malfeasance in the same matters and for his alleged failure to disqualify defaulting bondsmen.

To these indictments defendant filed verified "pleas in bar" alleging in substance: (1) that he was the duly elected chief justice of the municipal court and, as such, exempt from indictment for any judicial act performed by him in such office; (2) that "at all of the times and all of the places mentioned in said indictment returned in the above cause, he, the said Raymond P. Drymalski, was such Chief Justice in and for the Municipal Court of the City of Chicago, Cook County, Illinois, and was acting honestly and in good faith in the performance of his duties and, therefore, is exempt from indictment and prosecution thereon in the Criminal Court of Cook County, Illinois; and the said Criminal Court of Cook County, Illinois, has no jurisdiction over him in that the said indictment and all matters and things therein set forth and all counts in the said indictment relate exclusively to official judicial acts performed as Chief Justice of the said Municipal Court of the City of

Chicago, Cook County, Illinois; and this he, the said Raymond P. Drymalski, is ready to verify."

Oral motions to strike the pleas were overruled, whereupon the People filed verified answers in which it was denied that defendant was exempt from indictment or trial, or that he had acted honestly and in good faith in the performance of his duties, and affirmatively alleged "that said Raymond P. Drymalski was not acting honestly and was not acting in good faith and was not acting honestly and in good faith when he performed the acts set forth in said indictment and at all of the times and places alleged in said indictment but that said Raymond P. Drymalski was acting corruptly, unlawfully, wrongfully, wickedly, deceitfully, wilfully and fraudulently in doing the said acts hereinabove mentioned." On defendant's motion the original pleas in bar were allowed to stand as traverses to the People's answers.

After defendant had waived a jury, a hearing was had on the issues of fact raised by the pleas and answers during which the testimony of witnesses, including that of defendant, was heard. At the conclusion of the hearing, and upon consideration of the evidence, the trial court sustained the pleas in bar and entered judgment ordering the defendant's discharge.

All of these matters which have been related occurred prior to our decision in *People* v. *Ferguson,* 20 Ill.2d 295, and the problem that this case presents will therefore not recur.

The People sued out a writ of error to the Appellate Court for the First District and thus it was that this cause was pending in the Appellate Court when the *Ferguson* decision was announced. Although section 17 of division XIII of the Criminal Code authorizes the People to sue out a writ of error only "to review any order or judgment quashing or setting aside an indictment or information," (Ill. Rev. Stat. 1959, chap. 38, par. 747,) the Appellate Court

entertained the People's writ over defendant's motion that it be dismissed, reversed the judgment of discharge and remanded the cause to the criminal court for further proceedings. (*People* v. *Drymalski,* 28 Ill. App. 2d 479.) In brief, the practical effect and direction of the decision was that the fact questions determined under the pleas in bar should be retried and redetermined under pleas of not guilty. Defendant has prosecuted this writ of error for further review.

As we interpret it, the Appellate Court predicated its decision on two grounds it thought to be derived from the *Ferguson case.* First, that the pleas in bar in this case, like the plea in *Ferguson,* were to be treated as motions to quash the indictments; second, in view of the *Ferguson* holding that "a plea in bar is appropriate in a criminal case only in those instances in which such a plea was permitted at common law," that the pleas in bar were inappropriate in this case. We shall treat these propositions in reverse order.

In *Ferguson,* this court did indeed intend to state a policy limiting the scope of a plea in bar to its scope at common law and we reiterate and reaffirm that policy at this time. One of the express reasons given for so limiting the scope of the plea was the incongruous circumstance that if disputed factual matters, directly related to guilt or innocence of a defendant, were permitted to be raised by a plea in bar, then the result would be that "the defendant may have two trials of the same issue—one upon his plea in bar, and the other upon his plea of not guilty." (20 Ill.2d at 301.) Thus, while the questions raised by the pleas in this case were not such as could appropriately be raised by pleas in bar, it does not follow that after issues of fact have been determined they should be treated as motions to quash. For here, unlike the situation in the *Ferguson case,* issue was joined by the pleas and the answers thereto, defendant waived a jury and evidence was heard by a court of competent jurisdiction.

Section 10 of article II of the Illinois constitution forbids that one charged with a criminal offense be twice put in jeopardy for the same offense. Under this provision it has been held under varying circumstances that the discharge of an accused may be a bar to another trial, and we believe that such principle has application here. (See: *People ex rel. Nagel v. Heider,* 225 Ill. 347; *Newlin v. People,* 221 Ill. 166; *People v. Allen,* 368 Ill. 368.) A "trial" has been defined as a judicial examination, in accordance with the law of the land, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it, (*People v. Vitale* 364 Ill. 589, 592,) and it has been also held that a hearing on the factual sufficiency of a plea which, if sustained, will terminate the litigation, is a trial. (*People v. White,* 364 Ill. 574; *People v. Finkelstein,* 372 Ill. 186.) Here, the factual issues as to defendant's honesty and good faith in the performance of the judicial duties forming the basis of the indictments were resolved for defendant, his pleas were sustained and the litigation terminated with his discharge. To now hold, as the Appellate Court did, that he must again submit to a trial of the same issues, under the same indictments, upon a plea of not guilty, is manifestly a violation of the constitutional prohibition against double jeopardy that neither was, nor could be, intended by our statement of policy in the *Ferguson case.* And, as we have already pointed out, had such factual issues been joined and determined in the *Ferguson case* as they were in this case, we could not have constitutionally remanded the cause for a second trial on the same facts under a plea of not guilty.

Here the allegations in defendant's pleas presented the issues of fact which were expressly found to be lacking in Ferguson's plea, to-wit, that the acts charged in the indictments were performed honestly, in good faith and in the course of defendant's judicial duties. Issues were thus presented which went beyond mere challenge of the

sufficiency of the indictment, and thus beyond the issues presented by a motion to quash, but which instead went to factual matters directly related to defendant's guilt or innocence. Indeed, this was recognized by the People in filing answers and joining issue. The judgment of the trial court, after hearing evidence, was not therefore based solely upon the insufficiency of the indictments, as was true in *Ferguson*, but upon a determination of the factual issues created by the pleas and answers. Since this is so the People had no right to a writ of error. Ill. Rev. Stat. 1959, chap. 38, par. 747; *People* v. *White*, 364 Ill. 574; *People* v. *Barger*, 338 Ill. App. 518.

We conclude that the Appellate Court improvidently entertained the writ of error sued out by the People and that it erroneously remanded the cause to the criminal court for further proceedings. Accordingly, the judgment of the Appellate Court is reversed and the judgment of the criminal court, discharging defendant, is affirmed.

*Appellate Court reversed; criminal court affirmed.*