(Nos. 23486 to 23494, incl.—
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* FRANK VITALE *et al.* Defendants in Error.

*Opinion filed December 10, 1936.*

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, Richard H. Devine, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Benjamin C. Bachrach, and Harry Weiner, (Walter Bachrach, and Arthur Magid, of counsel,) for defendants in error.

Mr. Chief Justice Herrick delivered the opinion of the court:

Ten separate indictments for murder were returned by the Cook county grand jury against the three defendants, Frank Vitale, Joseph Vitale and Joseph DeChiara. Each charged them with the murder of one certain person (ten in all) not named in any of the other nine indictments. Each indictment charged the felonious burning of a dwelling on September 29, 1935, owned and occupied by the deceased, and that his death resulted from such unlawful burning. The defendant Joseph Vitale pleaded guilty to all indictments and was sentenced on each to 199 years in the penitentiary, the sentences to run concurrently. Frank Vitale and Joseph DeChiara were tried on one of the indictments, found guilty by a jury and sentenced to 99 years and one day in the penitentiary. Thereafter they were called for trial on the remaining nine indictments. They filed pleas of *autrefois convict* to each indictment, based upon the proposition that the ten homicides resulted from

the same felonious burning of the dwelling and constituted one offense; that having been convicted of murder in connection therewith on the first indictment they were entitled to be discharged on the remaining indictments. The People demurred to the pleas. The demurrers were overruled. The court entered a judgment discharging the two defendants last named and purported by that judgment to order the indictments be "set aside and dismissed." The People have brought the records here, where they are treated as writs of error. The cases have been consolidated in this court.

The important issue that lies at the threshold of this case is whether the People have a right to a writ of error. The decision of this question determines whether this court has jurisdiction of the proceeding. All other issues presented are subordinate to it.

The People claim the right to bring the causes here for review upon the amendment to section 17 of division 13 of the Criminal Code. That amendment provides: "The People may sue out writs of error to review any order or judgment quashing or setting aside an indictment or information." Laws of 1933, p. 466.

*People* v. *Royal*, 1 Scam. 557, was a case where the defendant had been prosecuted before a justice of the peace for assault and battery and found guilty. He appealed to the circuit court. That court reversed the proceeding before the justice on the ground that the justice had no jurisdiction of the subject matter. The People sued out a writ of error from this court. We held that the People could not prosecute the writ of error and the court of its own motion dismissed the writ. The same holding was made in *People* v. *Dill*, 1 Scam. 257. At the time these decisions were made there was no statute in force in this State which prohibited the People from having a writ of error or appeal in criminal cases where the judgment in the trial court had been adverse to the People. In 1874 section 17 of

chapter 38 was enacted by the General Assembly. (Cahill's Stat. 1931, p. 1090; Smith-Hurd Stat. 1931, p. 1096.) By this act it was provided: "Exceptions may be taken in criminal cases, and bills of exception shall be signed and sealed by the judge, and entered of record, and error may be assigned thereon by the defendant, the same as in civil cases: Provided, that in no criminal case shall the People be allowed an appeal, writ of error or new trial."

*People* v. *Barber,* 348 Ill. 40, was before this court in 1932. The criminal court of Cook county had quashed an indictment. The People sued out a writ of error to review that judgment. The opinion in that case traced the history of the writ in the English practice and reviewed many of the adjudicated cases. It stated that the weight of authority in the United States was that the right to the writ of error did not exist in the State in the absence of a statute clearly conferring that right. Decisions from many foreign jurisdictions in our own country were cited sustaining such holding. The case of *United States* v. *Sanger,* 12 Sup. Ct. 609, was also cited as supporting the rule. The opinion further held that the right to the writ was not granted by the constitution of 1870. The conclusion reached in the *Barber case* was that this court was without jurisdiction, by writ of error or otherwise, to review the judgment of the trial court quashing the indictment, and the writ of error was dismissed.

A "trial" may be defined as a judicial examination, in accordance with the law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it. (*Glennon* v. *Britton,* 155 Ill. 232, 243; *City of Pasadena* v. *Superior Court,* 298 Pac. (Cal.) 968; *State* v. *Dubray,* 250 Pac. (Kan.) 316; *People* v. *Bissert,* 71 N. Y. App. Div. 118.) A conviction upon a plea of guilty is a trial in legal effect the same as a conviction based on evidence heard. (*People* v. *Fox,* 150 N. Y. App. Div. 114.) A plea of

former conviction is a plea in bar to a criminal action. (9 Ency. of Pl. & Pr. 630.) Where a cause is heard on demurrer it is a trial upon the issues of law. (*People* v. *Bissert, supra.*) It follows that the People had a trial of this issue in the court below. By this writ they seek to obtain a reversal of that judgment and have a new trial of the cause.

The People urge that this amendment of 1933 is broad enough to grant a review to the People in the case at bar. That statute specifically limits the right to a writ of error to those cases in which the trial court has quashed or has set aside the indictment. It was not intended by the General Assembly to grant a general right of review to the People from every unfavorable judgment in a criminal case. The terms "quashed" and "set aside" are synonymous. It was the legislative intent by the amendment to permit the People to have a review in criminal cases in two situations: (1) Where the sufficiency of the indictment had been challenged by motion to quash prior to plea and motion sustained, and (2) where the indictment was attacked by motion in arrest after verdict or finding before the court where a jury was waived, the indictment was searched and found wanting in some one or more material requirements, the motion therefore granted and the indictment "set aside."

The plea of former conviction did not put in issue the validity of the indictment any more than a plea in bar tests the sufficiency of a declaration or complaint at law. The demurrer of the People to that plea put in issue the sufficiency of the plea but did not go to the soundness of the indictment. The demurrer admitting the truth of the facts well pleaded, the issues joined presented only the legal question whether the defendants, having been convicted of murder under the indictment on which they had been tried, would again be placed in jeopardy by trial on the remaining indictments, which the defendants contended constituted the same criminal offense for which they theretofore had

been found guilty. Such plea in nowise went to the sufficiency of the indictment. The ruling of the court sustaining the plea was in legal effect a holding that the prosecution was barred under the indictment but not an adjudication that the indictment was bad. *People* v. *White,* (*ante,* p. 574.)

It is urged that the judgment declares the indictment be "set aside." Where the defendant's plea is in bar, if the plaintiff demurs to it and the plea is held good the proper judgment is *nil capiat.* (*Ward* v. *Stout,* 32 Ill. 399, 411.) The statement written into the judgment that the indictment be "set aside and dismissed" was mere surplusage and must be rejected as such. Such expression did not bring the action within the amendment of 1933. (*People* v. *White, supra.*) No opinion is expressed as to the validity of the several pleas.

This court has no jurisdiction of this cause and can therefore not review the judgment of the trial court holding the several pleas good in the several cases.

The several writs of error are dismissed.

*Writs dismissed.*