(Nos. 24277, 24300.

HERMAN JAHNKE et al. Appellees, vs. ANNA SELLE et al.—
(VERNE B. SELLE, Appellant.)

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

VERNE B. SELLE, *pro se*, appellant.

GEORGE H. PEAKS, and WILLARD E. CAIN, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Herman Jahnke, William H. Selle, Marie Chambers and Minnie Breniman, uncles and aunts of Charles J. Jahnke, an intestate decedent, instituted proceedings for partition in the circuit court of DuPage county. Anna Selle, an aunt of said decedent, was made a party defendant, but the complaint alleged she had been adjudged a resident and an absentee decedent in the district court of Powesheik county, Iowa, and that her estate was fully administered, closed, and the assets distributed to her heirs, all of whom were made parties to this proceeding. Included among them was the appellant, Verne B. Selle. The complaint was amended, answers filed and evidence heard. The court entered a decree for partition which found that each of the uncles and aunts of decedent was entitled to an undivided one-fifth interest in the premises sought to be partitioned, and that the heirs of Anna Selle were entitled to the remaining one-fifth. The commissioners reported the land was not susceptible of division without manifest prejudice to the parties in interest and the court ordered it be sold by the master in chancery. Appellant gave notice of an appeal, but did not file a bond. The master proceeded to make sale of the land and reported his acts to the chancellor. His report was approved and the court ordered a distribution, dividing the proceeds into four parts instead of five, as was directed by the decree for partition. The portion excluded was the interest which was found to be in the heirs of Anna Selle. However, the decree for distribution provided that the plaintiffs give bond with security to indemnify and account to Anna Selle for the proceeds of her share, if she should be living, or to her heirs-at-law in the event it should hereafter appear that she, although not

now living or at any time hereafter not living, was, in fact, alive upon and immediately following the death of Charles J. Jahnke. Appellant gave notice of appeal from this decree and gave a bond. The appeals from both decrees were consolidated for hearing in this court.

Appellant claims that distribution should be ordered in eighths, one share each to the four living aunts and uncles, one to the missing aunt, and one share to each of the three groups of descendants of deceased uncles, who predeceased the intestate, to be divided among them *per stirpes*. He argues that paragraph 5 of section 1 of the Descent act (Ill. Rev. Stat. 1937, p. 1217) should be so construed, or, if it cannot be so construed, it is unconstitutional as a special law changing the law of descent, in violation of section 22 of article 4 of the constitution of 1870.

Paragraph 5 of section 1 of the Descent act provides: "If there is no child of the intestate or descendant of such child, and no parent, brother or sister or descendant of such parent, brother or sister, and no widow or surviving husband, then such estate shall descend in equal parts to the next of kin to the intestate in equal degree (computing by the rules of civil law), and there shall be no representation among collaterals, except with descendants of brothers and sisters of the intestate; and in no case shall there be any distinction between the kindred of the whole and the half blood." In view of the very clear and explicit language of this section, there is no ground for the contention that heirs of deceased persons of the same degree as those inheriting shall take by representation. Appellant's contention is answered fully by the case of *Chambers* v. *Chambers,* 249 Ill. 126, in which the facts are identical with those in the present case, except that in the *Chambers case,* the children of the deceased aunt were illegitimate. We said: "If William A. Newman and William A. Carver had been legitimate children of their mothers it would necessarily follow from the provisions of said fifth clause that they could not inherit any portion of

the property left by George R. Hale, because, computing by the rules of the civil law, they were related to the decedent in the fourth degree while the uncles and aunts were related to him in the third degree, and were therefore the next of kin and entitled to all his estate, to the entire exclusion of the children or descendants of deceased collateral kindred related to the decedent in the third degree." We adhere to the view then expressed.

The claim that paragraph 5 of section 1 of the Descent act is unconstitutional as a special law changing the law of descent, is untenable. It applies to all persons falling within the class to which it relates. Such statutes are uniformly upheld as general laws. (*Punke* v. *Village of Elliott,* 364 Ill. 604.) The right to take property, either real or personal, by inheritance or by bequest or devise, is purely a statutory right which rests wholly within legislative enactment, and the State, by appropriate legislation, may regulate and control its devolution. There is nothing in the constitution which prohibits a change of the law with reference to those subjects at the discretion of the lawmaking power. (*National Safe Deposit Co.* v. *Stead,* 250 Ill. 584; *Kochersperger* v. *Drake,* 167 id. 122.) The only limitation upon this power is that its exercise shall not violate any provision of the constitution. Moreover, paragraph 5 of section 1 does not change the law of descent. There has been no change in the language of that paragraph since 1829. (Laws of 1829, p. 205.) In fact, the Ordinance of 1787 was the same, in effect, as the present statute.

Appellant also contends that no presumption of the death of Anna Selle was raised by the records of the Iowa court. He claims they were not properly authenticated as provided by the act of Congress relating thereto. (28 U. S. C. A. sec. 687.) Appellant did not object when the records were introduced in evidence, but made an objection when the case was reopened for additional evidence. He admitted they were then properly authenticated, insinuating

it had been done since the last hearing, but offered no proof of that. The records of the Iowa court were then reintroduced in evidence. They are properly authenticated and there was no error in admitting them in evidence. He next says that the Iowa proceedings, even if admissible, did not raise a presumption of death, but merely showed that Anna Selle was not in Iowa. The statutory requisites in Iowa for decreeing a person to be an absentee decedent, and for administering his estate, were that such person was a resident of Iowa, had without known cause absented himself from his usual place of residence, and had concealed his whereabouts from his family for seven years. The Iowa court found that Anna Selle had been unheard of without known cause for over nine years, after investigation by a person appointed by the court for that purpose, and after service by publication on Anna Selle and all persons who would be interested in her estate. These findings are sufficient to raise a presumption of death according to the well settled law of Illinois. (*Hitz* v. *Ahlgren,* 170 Ill. 60; *Policemen's Benevolent Ass'n* v. *Ryce,* 213 id. 9; *Reedy* v. *Millizen,* 155 id. 636; *Johnson* v. *Johnson,* 114 id. 611; *Donovan* v. *Major,* 253 id. 179; *Stevenson* v. *Montgomery,* 263 id. 93.) They were sufficient under the Iowa law to justify the decrees for administration and distribution of her estate, as if she were dead. Appellant acquiesced in that administration and received his share of her estate as one of her heirs. At this time it is inconsistent to claim it was not administered and distributed on a presumption of her death. The presumption is sufficiently established by the record of the Iowa court. Under section 1 of article 4 of the Federal constitution and the acts of Congress, we are bound to accord the Iowa decree the same full faith and credit as it has by the law of that State. 28 U. S. C. A. sec. 687; *Tilt* v. *Kelsey,* 207 U. S. 43.

Finally, appellant claims that the order of distribution is erroneous on two grounds. First, he urges that, assum-

ing Anna Selle was presumptively dead, her share should be distributed to her heirs in harmony with the decree for partition. This contention is unsound. The Iowa decree appointing an administrator of Anna Selle's estate, after finding that she had been unheard of for nine years without known cause, was entered on January 22, 1934. Charles J. Jahnke did not die until July 25, 1935, so that Anna Selle was presumptively dead at the time of Jahnke's death. Under that presumption and the provision of section 1 of the Descent act, her heirs were not vested with any interest in the real estate of the intestate. The decree for distribution correctly provided for distributing the proceeds of the sale in fourths and requiring from the distributees a bond to refund in case Anna Selle should be found to be alive, or to have been alive, on the death of Charles J. Jahnke. (*Cooper* v. *Martin,* 308 Ill. 224.) The decree for partition was, therefore, wrong, and the decree for distribution was correct. The further contention that the decree for distribution could not change the terms of the decree for partition because of the lapse of more than thirty days between their entry is of no avail to appellant. It is not embraced within the statement of errors relied upon for reversal. He made no motion to vacate the decree for distribution but appealed from each decree, thus presenting the question of the rights of the parties in the entire matter. The decree for partition is modified so as to provide that at the time of Charles J. Jahnke's death each of the plaintiffs was entitled to the undivided one-fourth of the premises, and that none of the descendants of any deceased uncle or aunt had any right, title or interest therein.

The decree for partition is so modified and that decree and the decree for distribution are affirmed.

*Decree for partition modified and affirmed.*
*Decree for distribution affirmed.*