**People of State of Illinois, Plaintiffs in Error, v. Elbert Barger, Defendant in Error.**

**Term No. 49M7.**

Opinion filed September 27, 1949. Released for publication October 26, 1949.

ROBERT H. CHASE, of Metropolis, for plaintiff in error.

ROY R. HELM, of Metropolis, for defendant in error.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

An information was filed in the county court of Massac county, charging the defendant, Elbert Barger, with a misdemeanor known as "malicious mischief." He objected to its sufficiency on the ground that the information failed to have a "prosecutor" indorsed thereon, as required by paragraph 717 of the Criminal Code (ch. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.692]) pertaining to indictments. The court ruled with the defendant; contrary to the contention of the People that the cited provision applied only to indictments, and was so phrased that it was impossible to apply it to an information.

Originally the defendant made his objection by motion to quash the information, but appears to have changed his position, on oral hearing, to the claim that the alleged defect was a complete bar to the proceedings. Thereafter the court treated the cause as standing on a plea in bar. In the order showing the hearing, and taking the case under advisement, there is this recital: "that no objection is made to the sufficiency of the information on its face, but defendant pleads that the omission of an official act, namely, the failure to have indorsed thereon the name of a 'prosecutor,' with his consent, on said information, is a bar to any prosecution of this defendant in this case, under said information."

Subsequently, the court entered a final order sustaining the plea, with the concluding paragraphs as follows:

"(7)   That the words "Motion to Quash the Information," and the words "to quash" the information in the written motion were mere surplusage, and that the defendant, on the oral argument, in said cause pleaded that said omission of official act to indorse a prosecutor was a bar to any prosecution under said information; that, hence, defendant is not bound by said surplusage appearing in the written motion; and his motion is in reality a plea in bar.

"(8)   That a prosecution is barred under this case.

"(9)   That the court is without jurisdiction to proceed further with a jury trial in said cause.

"(10)   That an issue of law is raised which is decisive of said case.

"(11)   That the defendant, Elbert Barger, is entitled to a discharge in the case, under this information.

"It is now therefore considered  .  .  .  the prosecution is barred under said information and that the defendant be and he is now hereby discharged."

Upon application of the People, this court issued a writ of error to review the foregoing judgment, and defendant's motion to dismiss was denied. It appeared to this court that there was no reported case passing upon the necessity of indorsing a prosecutor upon an information charging malicious mischief; it further appeared that if the omission of the indorsement was a defect, it perhaps would justify only the quashing of the information, not the discharge of the defendant, upon a plea in bar. Now upon full consideration of the case, we have concluded that, even if the final judgment above mentioned is erroneous, this court is wholly without jurisdiction to review it at the instance of the People.

Prior to 1933 in this State the People had no right of review in any criminal case. In that year the law

was amended to allow the People a writ of error to review a judgment "quashing or setting aside an indictment or information." (Paragraph 747, ch. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.732].) Since then, the amendment has been considered in a number of cases.

In *People v. White,* 364 Ill. 574, there was a final order discharging a defendant, with an added provision quashing the indictment. It was held the order of discharge could not be reviewed at the instance of the People, and the addition of words quashing the indictment could not confer a right of review, since such words were mere surplusage. In *People v. Vitale,* 364 Ill. 589, a similar result was reached when the order discharged the defendant, but added that the indictment was "set aside and dismissed." The gist of both decisions is that the People's right to writ of error is limited to orders which only quash or set aside the indictment or information, and the right will not be extended by judicial construction to judgments which discharge the defendant on a plea in bar.

In *People v. Finkelstein,* 372 Ill. 186, there was a motion to quash, followed by a plea in bar. The trial court's order was precisely the converse of the one before us, the judge announced that the plea in bar was good, but entered an order sustaining the motion to quash, and declined to rule on the plea, on the ground it fell with the indictment. On review, it as held there was no ground to quash the indictment, furthermore, the trial court should not even have considered the motion, it being waived by the plea. In order to take jurisdiction, and pass upon these errors, the supreme court acted upon the premise that "the right of the People to writs of error depends upon whether the judgment of the court quashed the indictment or sustained the plea . . . . On a record quashing an indictment the People . . . have a right to sue out Writs of Error. On a judgment of the court sustaining

a plea in bar and discharging the defendant, the People do not have such right." The opinion then declares the order being considered merely quashed the indictment, and distinguishes the two prior decisions above cited because therein "the order showed it was one sustaining a plea."

In the *People v. McGarry,* 306 Ill. App. 542, the People sought to review a judgment discharging a defendant upon a plea in bar, upon the ground that the court ought to look to the substance of the proceedings to observe whether there was not, in effect, a motion to quash, and if so, the form of the order should not be controlling, but should be considered an order quashing the indictment. As to this, the court said: "The point is without merit. The right of the People to a Writ of Error in a criminal case does not exist except when it is plainly and unequivocally conferred by express statute."

The judgment before us, previously quoted, also shows that it was one sustaining a plea. After recitals to that effect, it is adjudged that the prosecution is barred and the defendant is discharged. The right of the People to a writ of error in such a case does not exist, and this court cannot assume jurisdiction to consider alleged errors in the trial court's procedure and judgment. Accordingly, no decision is made thereon and this proceeding is dismissed.

*Writ of error dismissed.*

BARDENS, P. J., and CULBERTSON, J., concur.