**Elena Kresteff, Plaintiff-Appellant, v. Assen Kresteff, Defendant-Appellee.**

**Gen. No. 66–47.**

Fifth District.

February 4, 1967.

170

Dick H. Mudge, Jr., of Edwardsville, for appellant.

Emerson Baetz, of Alton, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Madison County, dismissing her cause of action.

This action was commenced by filing a pleading headed "Petition for Alimony," wherein plaintiff alleges that the parties are bona fide residents of Illinois, they were married in New Brunswick, Canada in 1950, defendant deserted plaintiff in 1953, no children were born of the marriage, plaintiff is in poor health and unable to support herself, defendant is a man of means and steadily employed, and prays that the court enter an order that defendant pay plaintiff the sum of $50 per week for her support and maintenance. Personal service was had on defendant in Madison County.

Defendant answered, setting up the defense that a decree entered on January 5, 1959, by the Second Judicial District Court of Nevada was a final adjudication of the rights of the parties growing out of the marriage, and under the provisions of Article IV, section 1 of the Constitution of the United States, the courts of Illinois must give to the Nevada decree the effect of such adjudication. The circuit court dismissed the action, and this appeal followed.

The record shows that defendant filed suit for divorce in Nevada, plaintiff entered her appearance, filed an answer, and thereafter moved for allowance of expenses to enable her to travel to Nevada and defend the cause in person. The Nevada court ordered the defendant (plaintiff there) to pay to the plaintiff her necessary travel and subsistence expenses, and ordered payment of a fee to her attorneys.

171

The decree entered by the Nevada court recites that the cause was set for trial, defendant (plaintiff there) appeared in person, and no one appeared for plaintiff (defendant there). In the decree the court finds that it has jurisdiction, finds that defendant was entitled to a divorce, and granted him a divorce. There is no mention of alimony in the decree.

Plaintiff contends that under the provisions of ch 40, sec 19, Ill Rev Stat 1965,[1] the circuit court was empowered to modify the decree and make provision for the payment of alimony, and refusal so to do confers upon the Nevada decree "more authority, conclusiveness, finality and dignity," than is accorded the decrees of the courts of Illinois.

Defendant contends that under Nevada Law, the decree, since it makes no provision for alimony, and does not reserve jurisdiction of the question of alimony, bars all future claims for alimony, and its finality must be given full faith and credit by the courts of Illinois.

An examination of the Nevada cases leaves no doubt that the rendition of a decree of divorce containing neither a provision for alimony, nor a reservation of jurisdiction for the purpose of later action pertinent thereto, is the equivalent of a denial of alimony, and except during a period of 6 months after the date of its entry, the decree is not subject to modification. Sweeney v. Sweeney, 42 Nev 431, 179 P 638; Schneider v. Second

---

[1] ". . . Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony. . . ."

Judicial Dist. Ct. in and for Washoe County (Nev), 176 P2d 797; Lynn v. Lynn, 302 NY 193, 97 NE2d 748. (See annotation 28 ALR2d 1346.)

 The finality and effect of the Nevada decree are determined by the law of that State, and the constitutional requirement that it be given full faith and credit is met by clothing it with the same finality and effectiveness in the courts of Illinois as it enjoys in the courts of the State in which it was rendered and entered. Morris v. Jones, 329 US 545, 67 S Ct 451, 91 L Ed 488; Jahnke v. Selle, 368 Ill 268, 13 NE2d 980. The fact that the statute permits an award of alimony subsequent to the entry of a similar decree in Illinois, does not affect its status. Since the Nevada decree was not subject to modification in that State, it is a final adjudication of the denial of plaintiff's right to alimony, and precludes an award of alimony by the courts of this State.

We have examined the cases cited by plaintiff and find them clearly distinguishable.

Halvey v. Halvey, 330 US 610, 67 S Ct 903, cited as an authority for her contention that the courts of Illinois have jurisdiction to award the relief sought, does not aid plaintiff, because the Supreme Court found that the New York court did no more than the Florida courts could have done, and the Florida judgment was thus given full faith and credit.

In Schwarz v. Schwarz, 27 Ill2d 140, 188 NE2d 673, the husband obtained the divorce, ex parte, and the Nevada court had no jurisdiction over the wife.

In Light v. Light, 12 Ill2d 502, 147 NE2d 34, the plaintiff sought to enforce, not modify, the foreign decree.

For the reasons set forth, the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.

173