THELMA FULWIDER, Plaintiff-Appellant, *v.* HARRY FULWIDER, Defendant-Appellee.

(No. 11772; ▮▮▮▮▮▮▮▮)

Fourth District—November 29, 1972.

Ryan and Heller, of Mattoon, (Willis P. Ryan, of counsel,) for appellant.

William E. Larrabee, of Craig and Craig, of Mattoon, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

The plaintiff-wife appeals from an order of the circuit court of Coles County dismissing her petition for alimony and maintenance filed pursuant to Ill. Rev. Stat. 1969, ch. 40, par. 19. The court's final judgment in bar was based on the proposition that a divorce decree issued in the State of Nevada disposed of the issue of alimony and maintenance as a matter of law and under the U.S. Const., art. IV, sec. 1, the Coles County circuit court was required to give full faith and credit to that decree. On this conclusion, the trial judge entered a final judgment order which dismissed the plaintiff's petition with prejudice and in bar of action and entered a judgment that the defendant shall recover his costs and go

hence without day. There was no factual dispute and the order entered was in strict conformity with the petition of the defendant to dismiss the plaintiff's complaint and enter a judgment in bar.

The defendant now says that we do not have jurisdiction to consider this appeal for the reason that the notice of appeal was filed too late. The order above mentioned was entered on March 25, 1971. On April 22, the plaintiff filed a motion for rehearing and to vacate the final judgment order dismissing the petition to establish alimony and maintenance. On May 21, the defendant filed a motion to strike stating that the March 25 order was final and that the petition to reconsider and vacate was not within the scope of post-judgment proceedings as set forth in Ill. Rev. Stat. 1969, ch. 110, par. 68.3. The court denied the motion to vacate and reaffirmed its order entered on March 25. Notice of appeal was given on July 12 and within 30 days of the order denying the motion to vacate.

■■ The defendant calls attention to Supreme Court Rule 303 (Ill. Rev. Stat. 1969, ch. 110A, par. 303), that the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or if a timely post-trial motion directed against the judgment is filed, whether in a jury or a non-jury case, within 30 days after the entry of the order disposing of the motion. He then argues that a motion to vacate does not qualify as a post-trial motion in that this matter was not a "case tried without a jury" within the meaning of Ill. Rev. Stat. 1969, ch. 110, par. 68.3. That paragraph, among other things, provides: "In all cases tried without a jury, any party may, within 30 days after the entry of the decree or judgment ˙ * * * file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief * * *." The defendant's position apparently is that this was not a "trial" or that the motion alleging a "misapprehension" of the law by the trial court in his original determination is insufficient grounds for the court to reconsider. First of all, if there has been a misapprehension of the law in the trial court, the place to correct that misapprehension is in that court without the necessity for an appeal. Secondly, it strikes us as a rather narrow interpretation of the statute to restrict the word "trial" as inapplicable to a motion to dismiss where there are no disputed facts and where there is a previous judgment alleged to be a bar to the suit and a judgment in bar is in fact entered. To hold that the proceeding here was not a "trial" when it results in a judgment in bar of an action permissible under an Illinois statute is, we think, to ignore Supreme Court Rule 273 which provides: "Unless the order of dismissal of a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to

join an indispensable party, operates as an adjudication upon the merits". (Ill. Rev. Stat. 1969, ch. 110A, par. 273.) For us to hold that the procedure here followed is not an adjudication upon the merits or that an adjudication on the merits is not a trial is an unwarranted distortion of unambiguous language. The notice of appeal was timely filed.

The Nevada decree as to the divorce is not attacked in this proceeding. The order entered in Nevada was:

> "IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the plaintiff, HARRY FULWIDER, be, and he hereby is, granted a decree of divorce from the defendant, THELMA I. FULWIDER, which said decree is final and absolute in form, force and effect, and that the bonds of matrimony now and heretofore existing between the plaintiff and the defendant be, and the same hereby are, dissolved and the parties freed from the obligations thereof and restored to the status of unmarried persons."

Under the Nevada law, this decree which was entered on July 14, 1970, became final and not subject to modification after six months from its date. The plaintiff's petition here in Illinois was filed December 15 and thus within the six-months statutory limitations imposed by the State of Nevada for a modification of that decree and the defendant was personally served with a summons in Illinois on December 16. There were no children born to this marrage and the Nevada decree found that there was no community property in Nevada to be adjudicated. Neither the complaint in Nevada nor its decree specifically referred to any property or property rights elsewhere located.

The Appellate Court of the Fifth District in *Kresteff v. Kresteff*, 79 Ill.App.2d 170, 223 N.E.2d 720, recognizes the case of *Sweeney v. Sweeney*, 42 Nev. 431, 179 P. 638, which holds that a petition or decree in Nevada which contains neither a provision for alimony nor a reservation in that jurisdiction for later action pertaining to alimony is equivalent in Nevada to a decree denying alimony and support.

There are two fundamental differences between the situation in *Kresteff* and the suit at bar. The plaintiff has never been in the State of Nevada nor filed an appearance or requested any relief in any court in that state. Secondly, the six-month period after which the Nevada divorce would become final under its law had not yet elapsed. In *Kresteff* the plaintiff entered her appearance, filed an answer and moved for the allowance of expenses to enable her to travel to Nevada and defend the divorce suit in person and that order was entered by the Nevada court. There, the Nevada court had jurisdiction over the person of the defendant. Here, it did not. There, the Nevada decree was appropriately final in Nevada before any action was instituted in Illinois.

Here, a suit under our statute was filed in Illinois and the defendant-husband personally served in Illinois. Here, the property involved is in Illinois. Here, the defendant was personally served with summons while in Coles County. Under such circumstances, we are confronted with the question of whether or not Illinois follows the "divisible divorce" theory, and whether or not under the circumstances here stated, Illinois is required to give full faith and credit to the Nevada decree under the U.S. Constitution.

■■ The public policy of this State as stated in Ill.Rev. Stat. 1969, ch. 40, par. 19, is: "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse * * * as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the *decree recites* that there has been express waiver of alimony or a money or property settlement in lieu of alimony or where the court *by its decree* has denied alimony." (Emphasis supplied.) This provision for the granting of alimony after a divorce is broad enough to cover a divorce granted in a foreign jurisdiction. *Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673.

The Nevada divorce decree did not recite that there had been an express waiver of alimony or of money or property settlement in lieu of alimony nor did the court by its decree in Nevada specifically deny alimony. At the time this suit was filed in Illinois, the six months which insulates that decree from attack or modification had not yet elapsed. *Kresteff* might well have been persuasive here had the six-month period elapsed in Nevada and the Nevada court had been exercising *in personam* jurisdiction over Mrs. Fulwider. It wasn't. In *Kresteff* the court correctly held that since the Nevada decree was not subject to modification in that state and it had *in personam* jurisdiction, it is a final adjudication of the plaintiff's right to alimony and precludes an award of alimony by the courts of this State. At the time our suit was filed in Illinois, the Nevada divorce decree was not immune to modification or change in that state nor was that court exercising *in personam* jurisdiction over Mrs. Fulwider. Its status there was the same as its status here, that is, it was subject to modification or change. Likewise in *Portnoy v. Portnoy* (1965), 401 P.2d 249, the Nevada court recognized that a wife residing in Nevada could sue for support there notwithstanding her husband's *ex parte* divorce in California. Thus we give full faith and credit to the Nevada law as it now is on the facts here involved.

In *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 1 L.Ed.2d 145, 77 S.Ct. 1360, the court upheld the constitutional validity of a New York statute sanctioning the doctrine of divisible divorce as constitutionally valid and that a state may provide its own legal guidelines. Illinois has established these guidelines. Illinois has recognized the doctrine of divisible divorce not only by the statute providing for it, but it has been judicially recognized in *Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673, and by this court in *Sidwell v. Sidwell*, 75 Ill.App.2d 133, 220 N.E.2d 479. In so holding, we give the same effect to the Nevada divorce decree as that state itself would have given, that is, it was subject to modification or change for six months after July 14, 1970, and on the facts here stated its residents could have alimony and support. We do no violence to the full faith and credit clause of the U.S. Constitution to subject the Nevada decree to the same treatment here as would have obtained in Nevada on similar facts. In *New York ex rel. Halvey v. Halvey* (1947), 330 U.S. 610, 91 L.Ed. 1133, 67 S.Ct. 903, the Supreme Court stated:

> "A judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. * * * [I]t is clear that the State of the forum has as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered."

Accordingly, the judgment of the trial court should be and it is hereby reversed and the court directed to deny the motion to strike the plaintiff's complaint and to proceed in said cause in accordance with the views herein expressed.

Reversed and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.