THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLA ROBERTS, Defendant-Appellant.

Fourth District   No. 13471

Opinion filed November 4, 1977.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On April 10, 1975, defendant Carla Roberts was charged by information with perjury in the Circuit Court of Logan County and on

that day entered a negotiated plea of guilty to the charge. She was sentenced to 5 years' probation conditioned on 7 days' imprisonment and now appeals. We affirm.

In 1974 defendant, then Carla Rackers, was charged in the same court with conspiracy to murder. Arthur Roberts who became her husband was charged in the same case with attempt murder. Both were convicted but her conviction was set aside upon the State's motion pursuant to the plea agreement in this case. We reversed Arthur Roberts' conviction in *People v. Roberts* (1977), 56 Ill. App. 3d 667, 372 N.E.2d 143. That case concerned a gunshot fired from a moving automobile driven by Arthur Roberts and in which defendant was a passenger. The bullet penetrated the door of the cab of a truck traveling parallel to their car on an interstate highway. During the presentation of the defense, defendant testified that she fired the gun on her own initiative. At a hearing after the verdict had been returned, she testified that she had not told the truth earlier and that actually Arthur Roberts fired the gun.

Her argument on appeal is that her recantation was a defense to the perjury charge and that revelation of the recantation at the time she presented her plea of guilty negated a factual basis for the acceptance of the plea.

Section 32—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 32—2) which creates the offense of perjury provides in pertinent part:

"(a) A person commits perjury when, under oath or affirmation, or in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true.

(b) Proof of Falsity.

An indictment or information for perjury alleging that the offender, under oath, has made contradictory statements, material to the issue or point in question, in the same or in different proceedings, where such oath or affirmation is required, need not specify which statement is false. At the trial, the prosecution need not establish which statement is false.

(c) Admission of Falsity.

Where the contradictory statements are made in the same continuous trial, an admission by the offender in that same continuous trial of the falsity of a contradictory statement shall bar prosecution therefor under any provisions of this Code."

The charge did not allege that defendant had made conflicting statements but stated that she had testified falsely when she said that she had fired the gun. In stating the factual basis for the plea, the prosecutor said that the inferences to be drawn from the evidence presented at the trial of Arthur Roberts and accepted by the jury in that case would prove

the falsity of defendant's statement. The prosecutor also said that contradictory statements could be charged under the statute. In support of the factual basis of the plea, the court took judicial notice of the proceedings in the former case. In denying the post-trial motion in that case, the trial judge stated that he was considering defendant's recantation. Defendant's argument in the instant case that her recantation was timely is based upon the action of the trial court in considering the recantation in his ruling on the post-trial motion.

It is not clear from the statute that recantation is a defense under section 32—2(c) when no allegation of contradictory statements under section 32—2(b) is charged. Assuming *arguendo* that the recantation could be a defense here, we do not find it to be timely.

In support of the theory that the hearing on the post-trial motion in the former case was part of the continuous trial, defendant cites *People v. Vitale* (1936), 364 Ill. 589, 5 N.E.2d 474, and *Fulwider v. Fulwider* (1972), 8 Ill. App. 3d 581, 290 N.E.2d 264. In *Vitale*, in ruling that an order dismissing criminal charges in bar of action upon a plea of double jeopardy was not an order quashing or setting aside a charge and, therefore, not reviewable by writ of error, the court stated:

> "A 'trial' may be defined as a judicial examination, in accordance with the law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it." (364 Ill. 589, 592, 5 N.E.2d 474, 475.)

In *Fulwider*, a petition was filed in the circuit court seeking alimony and support. That court dismissed the petition in bar of action on the grounds that the decree of a sister State prevented granting the relief. On appeal, this court ruled that a motion for rehearing constituted a post-trial motion extending the time for filing notice of appeal. The hearing at which the petition was dismissed was deemed to be a hearing on the merits and, therefore, a trial.

*Vitale* and *Fulwider* show that a hearing on the merits of a case is a trial regardless of whether evidence is heard. They do not rule that a hearing on a post-trial motion is part of the trial. With regard to the instant case, the proceedings before the jury in the case where the perjury was alleged to have been committed was the hearing on the merits and comparable to the trials in *Fulwider* and *Vitale*. The hearing on the post-trial motion was, as the designation implies, a hearing after the trial as was the hearing on the petition for reconsideration in *Fulwider*. Even if the trial judge at the hearing on the post-trial motion, improperly considered matters not before the jury in support of the jury's verdict, that would not make the post-trial proceeding part of the trial.

Moreover, no sensible construction of section 32—2(c) would permit a witness to knowingly give false testimony to a jury, gain the advantages

obtainable by that testimony and then, after the jury was discharged, absolve herself from sanction by recanting. If the verdict were an acquittal, the damage could not then be rectified. Timeliness of recantation is an essential element of that defense. (*People v. Ezaugi* (1957), 2 N.Y.2d 439, 161 N.Y.S.2d 75, 141 N.E.2d 580, 64 A.L.R.2d 271; see also Annot., 64 A.L.R.2d 276, 282 (1959), and 60 Am. Jur. 2d *Perjury* §47 (1972).) Defendant did not correct her testimony soon enough.

The conviction and sentence are affirmed.

Affirmed.

TRAPP, P. J., and REARDON, J., concur.