THE PEOPLE *ex rel.* CLARITA VALLE, Plaintiff-Appellant, *v.* MARIO VALLE, Defendant-Appellee.

First District (2nd Division)   No. 82—338

Opinion filed March 29, 1983.

Richard M. Daley, State's Attorney, of Chicago (Robert J. Repel, Cynthia G. Brown, and Sophia A. Lopez, Assistant State's Attorneys, of counsel), for appellant.

A. Donald Baumgartner, of Mt. Prospect, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Clarita Valle filed a complaint for support under the Revised Uniform Reciprocal Enforcement of Support Act (URESA). (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*) The complaint alleged that defendant Mario Valle was the father of plaintiff's two children and owed them a duty of support, and that defendant was in arrears in support payments. In his answer, defendant denied that he was the father of the children and that he owed them a duty of support. On January 13, 1981, an order was entered which purportedly dismissed plaintiff's complaint and which continued the matter for further proceedings. On June 2, 1981, an order was entered which again dismissed plaintiff's complaint with prejudice. Following this latter order, plaintiff filed a motion for rehearing which was denied on January 11, 1982. Plaintiff instituted this appeal on February 5, 1982.

Plaintiff and defendant were married in the Philippines on March 6, 1967. The record reveals that defendant had previously married Felisa Bactat on June 11, 1961. There is no evidence in the record that this earlier marriage was ever terminated. The record indicates that under Philippine law, bigamous marriages are void *ab initio*.

Two children were born into the marriage between plaintiff and defendant. They were born on April 9, 1967, and January 31, 1969.

On March 17, 1980, plaintiff instituted this action for support against defendant. On July 24, 1980, an order was entered in the circuit court of Cook County instructing the parties to submit to blood tests. Plaintiff was to bear the cost of the tests because of the court's finding that "no marriage existed between the parties." Apparently, the tests were never taken.

On January 13, 1981, an order was entered that purportedly dismissed plaintiff's cause with prejudice. That same order, however, scheduled further proceedings and granted plaintiff leave to produce evidence that defendant's first marriage had been terminated. On June 2, 1980, an order was entered which again dismissed plaintiff's complaint with prejudice due to plaintiff's failure to produce evidence

that defendant's first marriage had been terminated. Plaintiff then filed a timely motion for rehearing. On January 11, 1982, plaintiff's motion was denied.

The motion for rehearing was denied because the court found that its order of January 13, 1981, was its final order and that therefore, plaintiff's motion for rehearing was untimely. The court also held that plaintiff's action should have been brought under the Paternity Act (Ill. Rev. Stat. 1979, ch. 40, par. 1351) and that under that Act, plaintiff's action was now time-barred. Following denial of her motion for rehearing on January 11, 1982, plaintiff instituted this appeal.

Plaintiff first contends that the trial court erred in ruling that its order of January 13, 1981, rather than its order of June 2, was its final order. The order of January 13 stated that:

"Now therefore, it is hereby ordered as follows:
1. That this matter and proceeding be and it is hereby dismissed with prejudice.
2. That [plaintiff] is granted leave to secure proof of an annulment of dissolution of the marriage of [defendant] and Felisa I. Bactat, on or before June 2, 1981.
3. This matter is set for status to ascertain compliance with Paragraph 2 of this Order only at 9:30 a.m. on June 2, 1981, until further notice."

Although the order purported to dismiss plaintiff's cause with prejudice, a later hearing was scheduled to allow plaintiff the opportunity to produce evidence which the trial court believed would affect its order.

■■ If the court retains jurisdiction for future determination of matters of substantial controversy, an order is not final. (*Joliet Federal Savings & Loan Association v. O'Hare International Bank* (1973), 12 Ill. App. 3d 1012, 1013-14, 299 N.E.2d 350.) "An order is final if 'it determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by decree.' " (*Kulins v. Malco, Inc.* (1979), 79 Ill. App. 3d 982, 985, 398 N.E.2d 1144, quoting *Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378.) The trial court cannot make a nonfinal order appealable merely by saying it is a final order. An order must be final in its character, apart from the express finding. See *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 6, 388 N.E.2d 1073.

■■ Here, it is apparent that the June 2 order was the court's final order. The trial court clearly retained jurisdiction following its or-

der of January 13 to allow plaintiff time to secure evidence relevant to the central issue in the case—paternity. The evidence plaintiff was given leave to secure bore directly on the issue of paternity because if plaintiff was able to produce evidence invalidating defendant's first marriage, the trial court was prepared to treat defendant's second marriage as valid and to deem defendant to be the father of the two children born into defendant's marriage to plaintiff. The trial court's order of January 13 was not made final merely because it purported to be a dismissal "with prejudice." The finality of the order was clearly contingent on plaintiff's inability to produce evidence which would have invalidated defendant's first marriage.

Under these circumstances, we find that the June 2 order was the final order in this cause.

Defendant contends, however, that even if the June 2 order is viewed as the court's final order, plaintiff's motion for rehearing was insufficient to toll the period for filing a notice of appeal and that, therefore, the appeal was not timely. Specifically, defendant contends that plaintiff's motion does not allege that the trial court committed any error, nor does it allege the discovery of new evidence that would change the court's ruling. Plaintiff's motion for rehearing requested that a record be made with a court reporter present and it brought to the court's attention three cases. Plaintiff's memorandum in support of her motion indicated that, under the three cases cited, the fact of a bigamous marriage does not obviate the duty to support the children of the marriage. Plaintiff was thus requesting a rehearing on the ground that the trial court misapprehended the applicable law. Misapprehension of law is clearly a sufficient ground to support a motion for rehearing. *Fulwider v. Fulwider* (1972), 8 Ill. App. 3d 581, 583, 290 N.E.2d 264.

■ In the instant case, the trial court's orders provided sufficient cause for plaintiff to conclude that a misapprehension of law had occurred. These orders indicated that if the parties' marriage was valid, defendant would have owed a duty of support. The court's finding that the marriage was invalid prompted it to conclude that no duty of support was owed by defendant unless plaintiff could prove parentage under the Paternity Act. (Ill. Rev. Stat. 1979, ch. 40, par. 1351 *et seq.*) But in *Cardenas v. Cardenas* (1956), 12 Ill. App. 2d 497, 140 N.E.2d 377, the court held that a bigamous marriage which is void does not relieve the husband of his duty to support the children of the marriage. (12 Ill. App. 2d 497, 508.) Had the trial court here been cognizant of *Cardenas*, it may have been inclined to impose a duty of support on defendant, or at least to have subjected defendant to the

presumption of paternity. Plaintiff thus had sufficient grounds for requesting a rehearing and her motion was sufficient to toll the period for filing her notice of appeal.

Plaintiff next contends that because defendant failed to disprove that he was the father of the children born into his bigamous marriage, he owes a duty to support those children. Defendant agrees that the central issue is whether or not he is the father of the children, but he asserts that the trial court properly ruled in his favor on this issue. What the trial court ruled, however, was that plaintiff failed to prove that her marriage to defendant was valid. The court did not definitively resolve the issue of paternity and, in any event, the court erred by failing to subject defendant to the presumption of paternity.

■ Plaintiff filed her claim for support under URESA. (Ill. Rev. Stat. 1979, ch. 40, par. 1201 *et seq.*) Under that act, the law of Illinois controls the issue of support in the instant case. (Ill. Rev. Stat. 1979, ch. 40, par. 1207.) Under Illinois law, the birth of a child to a husband and wife creates a strong presumption that the child is legitimate and that the husband is the father. (*In re Ozment* (1978), 61 Ill. App. 3d 1044, 1047, 378 N.E.2d 409.) This presumption of legitimacy prevails even if the marriage is subsequently voided. (Ill. Rev. Stat. 1979, ch. 40, par. 303.) Like the presumption of legitimacy, the presumption of paternity should prevail despite the fact that a bigamous marriage is subsequently declared to be void. The right of children born into a valid marriage to be supported is protected by the strong presumption that the husband is the father. (See *People v. Askew* (1979), 74 Ill. App. 3d 743, 747, 393 N.E.2d 1124.) There would appear to be no logical reason for granting that protection to children of valid marriages while denying it to children of bigamous marriages. (*Cf. Cardenas v. Cardenas* (1956), 12 Ill. App. 2d 497, 508, 140 N.E.2d 377 (fact of bigamous marriage, by itself, does not obviate duty of support).) We hold that the presumption of paternity applies to husbands of bigamous marriages into which children are born.

■ In resolving the issue of paternity here, however, the trial court erroneously looked to the Paternity Act and subjected plaintiff to the burden of proving that defendant was the father of plaintiff's children. The Paternity Act applies only to children "born out of wedlock" and it expressly excludes children born into a marriage which is subsequently declared void. (Ill. Rev. Stat. 1979, ch. 40, par. 1351.) A bigamous marriage constitutes a marriage subsequently declared void. Thus, the paternity of children born into such a marriage is not determinable under the Paternity Act and the trial court erred by imposing

the burden of proof applicable under that act. It follows that the court also erred in finding that plaintiff's cause was time-barred under the Paternity Act.

◼ Plaintiff brought her action under URESA. Under that act, child support arrearages, which accrue during a child's minority, constitute vested rights which may be enforced even after the child reaches majority. (*Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 1045, 408 N.E.2d 502.) In the instant case, unless defendant can disprove paternity on remand, plaintiff will be entitled to collect all support arrearages owing even if the children have reached their majority.

For the reasons stated herein, we reverse the trial court's order dismissing this cause and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.