364

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HEWLETT M. JARRETT, Defendant-Appellant.

Fourth District    No. 4—93—0265

Opinion filed June 16, 1994.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate
Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten,
Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:
Following a stipulated bench trial in the circuit court of Macon

County, defendant was convicted of the offense of perjury (720 ILCS 5/32—2 (West 1992)) and sentenced to two years' imprisonment. The sentence was ordered to run consecutively to a 20-year sentence imposed on a conviction for heinous battery (720 ILCS 5/12—4.1(a) (West 1992)). On appeal, defendant contends (1) prosecution for perjury is barred because he recanted his prior false statement in the same continuous trial, and (2) the trial court erred in imposing a consecutive sentence. We affirm.

Defendant was charged by information with two counts of heinous battery, one count of armed violence, and attempt (murder) (720 ILCS 5/12—4.1(a), 33A—2, 8—4 (West 1992)) for throwing acid at his wife on May 31, 1992. Bond was set at $200,000. At a hearing on defendant's motion to reduce bond, defendant testified he acted in self-defense. He claimed that Pat Cain, who he believed was having an affair with his wife, confronted him with a rifle. As Cain approached, he allegedly cocked the gun and put his finger on the trigger. Defendant claimed he threw a cup of acid at Cain in self-defense, but missed and hit his wife instead. The trial court granted defendant's motion, reducing bond to $150,000.

The State nol-prossed the armed-violence count and dismissed one count of heinous battery. Defendant pleaded guilty to one count of heinous battery, and trial proceeded on the charge of attempt (murder). On direct examination, defendant testified that Cain never confronted him with a gun. He testified he saw Cain moments after tossing the acid at his wife, but made no mention of seeing anyone with a gun. The trial court found defendant guilty of heinous battery and acquitted him of attempt (murder). The State subsequently filed an information charging defendant with perjury. Defendant waived his right to a jury, and the parties stipulated to the evidence. The trial court found him guilty and sentenced him to two years' imprisonment, to run consecutively to the 20-year sentence imposed on his prior conviction.

■ On appeal, defendant contends section 32—2(c) of the Criminal Code of 1961 (Criminal Code) bars his prosecution for perjury. This section provides:

"Admission of Falsity.
    Where the contradictory statements are made in the same continuous trial, an admission by the offender in that same continuous trial of the falsity of a contradictory statement shall bar prosecution therefor under any provisions of this [Criminal] Code." (720 ILCS 5/32—2(c) (West 1992).)

Defendant contends his pretrial bond hearing was part of the "same

continuous trial" as his trial for attempt (murder). Since his false statement occurred in the same continuous trial as the recantation, defendant argues section 32—2(c) of the Criminal Code bars prosecution for perjury. We disagree.

In *People v. Roberts* (1977), 54 Ill. App. 3d 506, 369 N.E.2d 356, our court addressed the question of whether a defendant's recantation in a post-trial hearing entitled her to a defense for perjury under section 32—2(c) of the Criminal Code. For purposes of this section, we defined "trial" as a hearing on the merits of a case and held that the post-trial hearing was not part of the same continuous trial. We find the analysis applies equally well to the case at hand. Defendant's pretrial bond hearing was not a hearing on the merits of the case. Moreover, as stated in *Roberts*, we cannot allow a witness to knowingly give false testimony, gain the advantages of that testimony, and then absolve himself from sanction by recanting at trial. "Timeliness of recantation is an essential element of that defense." *Roberts*, 54 Ill. App. 3d at 508-09, 369 N.E.2d at 358.

Defendant contends this conclusion undermines the purpose of the statute, which is to ensure the validity of the fact-seeking process. The State only became aware of the falsity of the pretrial statement when defendant voluntarily came forward and told the truth. If prosecution is permitted under these circumstances, defendant argues that others will be dissuaded from testifying truthfully at trial. We disagree. The validity of the fact-seeking process is best ensured when those who lie under oath are charged and tried for their crime.

■ Next, defendant contends the trial court erred in ordering defendant's sentences to run consecutively. The trial court found consecutive sentences were required under section 5—8—4(h) of the Unified Code of Corrections (Corrections Code), which provides:

> "If a person charged with a felony commits a separate felony while on pre[ ]trial release or in pretrial detention in a county jail facility or county detention facility, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." (730 ILCS 5/5—8—4(h) (West 1992).)

Defendant contends this provision is inapplicable to his case, since he was neither on pretrial release nor in a detention facility at the time he actually made his false statement. We find no merit in this analysis. Had defendant not been in a detention facility, there would have been no need for a bond reduction hearing. The intent of the statute is to impose consecutive sentences for felonies committed while a defendant is awaiting trial for a previous felony. Defendant's literal reading of the statute produces a nonsensical result.

■ Finally, defendant contends a perjury conviction under section 32—2(b) of the Criminal Code (720 ILCS 5/32—2(b) (West 1992)) is premised upon the utterance of two conflicting statements. Accordingly, the offense was not complete until the contradictory statement was made at trial. Since section 5—8—4(h) of the Corrections Code mandates consecutive sentences only for felonies committed during pretrial release or confinement, it has no relevance to a felony committed at trial. We disagree. By his own admission, defendant made a false statement under oath at his pretrial hearing. The offense was complete at the end of this hearing. Section 32—2(b) merely provides that the State is not required to specify which statement is false.

We find no error in the trial court's sentencing order.

Affirmed.

KNECHT and GREEN, JJ., concur.